IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENEE GOODMAN, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 4752 |
| | ) |
| TASK FORCE OFFICER ADAM CLARK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions to dismiss. For the reasons stated below, we grant in part and deny in part Defendants' motion to dismiss and transfer the instant action to the Northern District of Indiana pursuant to Federal Rule of Civil Procedure 12(b)(3) (Rule 12(b)(3)) and 28 U.S.C. § 1406.

## BACKGROUND

According to Plaintiffs, at approximately 6:00 a.m. on December 28, 2007, Defendant Agents and Officers executed a search warrant at Plaintiffs' residence located at 5623 Maywood Avenue in Hammond, Indiana (Residence). (A. Compl.

1

Par. 17). Plaintiffs state that the search warrant provided for the seizure of any evidence related to the robbery of an armored car in Calumet City, Illinois. (A. Compl. Par. 20). Plaintiffs allege that, in executing the search warrant, Defendant Agents and Officers used forced entry and discharged "at least two 'flash' or 'concussion' grenades which caused a loud explosion, flashes of light, and smoke." (A. Compl. Par. 23). Plaintiffs state that during the execution of the search warrant, Defendant Agents and Officers were dressed in black combat attire and displayed various weapons. (A. Compl. Par. 22). According to Plaintiffs, Defendant Agents and Officers "ordered [Plaintiffs] to the first floor [of the Residence] at gunpoint" and handcuffed Plaintiffs' hands behind their backs. (A. Compl. Par. 24). Plaintiffs state that various law enforcement officers interrogated Plaintiffs while in Plaintiffs' Residence. (A. Compl. Par. 25). Plaintiffs claim that shortly after the interrogation, Plaintiffs were removed from their Residence while in handcuffs and taken to the Hammond Police Department. (A. Compl. Par. 26). Plaintiffs claim that Defendant Agents and Officers arrested Plaintiffs without an arrest warrant, without probable cause, and without any other legal justification. (A. Compl. Par. 32). According to Plaintiffs, during their unlawful arrest, Defendant Agents and Officers pushed, pulled, grabbed, kicked, forcefully maneuvered, and physically searched Plaintiffs without any provocation or lawful justification, and Plaintiffs sustained injuries as a result. (A. Compl. Par. 38).

Plaintiffs allege that when they arrived at the Hammond Police Department, they were "each placed in locked rooms and jail cells and were separately and continuously interrogated by various Defendant law enforcement officers." (A. Compl. Par. 27). Plaintiffs state that in connection with the search, they were "each arrested, fingerprinted, photographed, and otherwise processed." (A. Compl. Par. 28). Plaintiffs claim that they were "formally charged with the offense of robbery while armed with a deadly weapon and FBI hold." (A. Compl. Par. 29). Plaintiffs allege that they were released on December 28, 2007, at approximately 10:00 p.m., without making a court appearance or posting bail. (A. Compl. Par. 30). Plaintiffs brought the instant action and include claims brought against Task Force Officer Adam Clark, Christopher M. Soyez, Lori C. Warren, Carrie J. Landau, Christopher Hendon, Ted May, and Christopher Crocker (collectively referred to as "FBI Agents"), both as individuals and in their official capacities as law enforcement officers for the Federal Bureau of Investigation; Raymond Hladek, Sgt. G. Barich, Inv. F/N/U Pieczuel, Inv. Detective Casey Erickson, E.T. William Gavin, Dante Zorzi, Tact Officer F/N/U Kwiatkowski, Sgt. F/N/U Urbanek, E.T. F/N/U Lucius, Detective Kevin Rapacz, David Miro, F/N/U Oliva, and unknown police officers for the Calumet City, Illinois Police Department (collectively referred to as "Calumet City Police Officers"), both as individuals and in their official capacities as law enforcement officers for the Calumet City, Illinois Police Department; and Detective

Adam Clark (Detective Clark), Chief Brian Miller (Miller), Lt. Richard Hoyda (Hoyda), L/N/U Cardwell (Cardwell), L/N/U Eidam (Eidam), L/N/U Roger (Roger), L/N/U Karl (Karl), L/N/U Dale (Dale), L/N/U Barrett (Barrett), L/N/U Campos (Campos), L/N/U Finely (Finely), L/N/U Brian (Brian), L/N/U Raymond (Raymond), L/N/U Miller (Miller), L/N/U Kalin (Kalin), L/N/U Edward (Edward), L/N/U Donald (Donald), L/N/U Holloway (Holloway), L/N/U Stephanie (Stephanie), and Defendant unknown police officers for the City of Hammond, Indiana Police Department (collectively referred to as "Hammond Police Officers"), both as individuals and in their official capacities as law enforcement officers for the City of Hammond, Indiana Police Department, for false arrest and illegal imprisonment in violation of 42 U.S.C. § 1983 (Section 1983) and *Bivens v. Six Unknown Agents of Federal Bureau Narcotics*, 403 U.S. 338 (1971) (Count I), Section 1983 excessive force claims and *Bivens* claims brought against FBI Agents, Calumet City Police Officers, and Hammond Police Officers (Count II), Section 1983 failure to intervene claims and *Bivens* claims brought against FBI Agents, Calumet City Police Officers, and Hammond Police Officers (Count III), Section 1983 conspiracy claims and *Bivens* claims brought against FBI Agents, Calumet City Police Officers, and Hammond Police Officers (Count IV), state law battery claims brought against Calumet City Police Officers and Hammond Police Officers (Count V), state law assault claims brought against Calumet City Police Officers and

Hammond Police Officers (Count VI), state law false imprisonment claims brought against Calumet City Police Officers and Hammond Police Officers (Count VII), state law intentional infliction of emotional distress claims brought against Calumet City Police Officers and Hammond Police Officers (Count VIII), *respondeat superior* claims brought against Calumet City, Illinois, an Illinois Municipal Corporation, (Calumet City) and the City of Hammond, an Indiana Municipal Corporation (City of Hammond) (Count IX), and indemnification claims brought against Calumet City and the City of Hammond (Count X). The City of Hammond, Miller, Hoyda, Cardwell, Eidam, Roger, Karl, Dale, Barrett, Campos, Finely, Brian, Raymond, Miller, Kalin, Edward, Donald, Holloway, Stephanie, and Defendant unknown police officers for the City of Hammond, Indiana Police Department (collectively referred to as "Hammond Defendants") have filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (Rule 12(b)(2)), Rule 12(b)(3), Federal Rule of Civil Procedure 12(b)(4), and Federal Rule of Civil Procedure 12(b)(5).

We note that while Detective Clark is a Hammond Police Officer, he is not included in the Hammond Defendants' motion to dismiss. We further note that Plaintiffs have indicated in their response to Hammond Defendants' motion to dismiss that the L/N/U designations should actually be F/N/U designations. For the purposes of the instant motion, the Court will maintain the designations as they are

5

listed in the amended complaint.

**LEGAL STANDARDS**

Rule 12(b)(3) provides that a party may move to dismiss an action when the action is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). If the court finds that venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In analyzing whether the "interest of justice" supports transferring a case, the court must focus on the "efficient administration of the court system." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986)(applying the interest of justice analysis to a motion brought under 28 U.S.C. § 1404(a)).

**DISCUSSION**

Hammond Defendants argue that the Northern District of Illinois is not a proper venue for this action and move for dismissal based on Rule 12(b)(3).

I. Venue

Pursuant to 28 U.S.C. § 1391(e), "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official

capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and *with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party*." 28 U.S.C. § 1391(e)(emphasis added).

The Court has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged violations of Section 1983 and violations of the Fourth and Fourteenth Amendments of the United States Constitution. Thus, the court must determine whether venue is proper pursuant to 28 U.S.C. § 1391(b), which provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be

found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1391(b), this court is not the appropriate forum in which this case can proceed. Since all of the Defendants do not reside in the same state, venue is not proper under 28 U.S.C. § 1391(b)(1). Although Plaintiffs' amended complaint is mostly devoid of factual allegations related to the residence of each Defendant, it appears that some of the Defendants reside in Illinois while other Defendants reside in Indiana. Additionally, Plaintiffs have not argued that venue is proper under 28 U.S.C. § 1391(b)(1).

Venue in this forum is also improper under 28 U.S.C. § 1391(b)(2) because none of the events giving rise to Plaintiffs' claims occurred in Illinois. Plaintiffs have attempted to argue in their response to Hammond Defendants' motion to dismiss that a substantial part of the events giving rise to their claims occurred in Illinois and have tried to artfully contend that their claims relate to the robbery and the investigation of the robbery. Plaintiffs arguments are not persuasive. Plaintiffs' amended complaint makes reference to the robbery itself only in the context of describing the items to be seized according to the application and affidavit for search warrant and Plaintiffs' amended complaint and claims therein are relating to unlawful arrest, not the investigation of the robbery. It is clear based on the facts alleged in Plaintiffs' amended complaint that the only events giving rise to Plaintiffs'

8

claims are the execution of the search warrant at Plaintiffs' Residence and the arrest and detention of Plaintiffs in conjunction with the execution of the search warrant, which all occurred in Indiana. In an attempt to correct the obvious defect relating to venue, Plaintiffs have sought leave of the court to attach the application and affidavit for search warrant to their amended complaint. Even considering the affidavit and application for search warrant, the court finds that the events giving rise to Plaintiffs' claims all occurred in Indiana. As Hammond Defendants point out, the application and affidavit for search warrant itself did not involve improper conduct. No matter how the facts are construed, it is clear that no events giving rise to Plaintiffs' claims occurred in Illinois.

Finally, venue does not lie in the court under 28 U.S.C. § 1391(b)(3) since the parties do not dispute that the instant action may be brought in the Northern District of Indiana.

II. Transfer in the Interest of Justice

Rather than dismissing the instant action for improper venue, the court has the discretion to transfer the case pursuant to 28 U.S.C. § 1406(a) if such transfer is in the interest of justice. 28 U.S.C. § 1406(a). Since "personal jurisdiction over the defendant[s] is not a prerequisite for district courts to utilize the transfer provision in § 1406(a)," the court need not first consider Hammond Defendants' arguments

regarding dismissal for lack of personal jurisdiction. *Hapaniewski v. City of Chicago Heights,* 883 F.2d 576, 579 (7th Cir. 1989).

In determining whether the interest of justice supports transferring a case, a court may consider: 1) whether the litigants will receive a speedy trial, 2) whether the action could be consolidated with other actions in the transferee district, 3) whether the judges in the transferee district are more familiar with the pertinent state law, 4) whether jurors in a particular district have a "financial interest in [the] case," and 5) which district would have jurors that could "best apply community standards." *Coffey,* 796 F.2d at 220-21, 221 n. 4. The parties do not dispute that Plaintiffs could have brought this action in the Northern District of Indiana. Therefore, the court must determine whether it is in the interest of justice to transfer the action to the Northern District of Indiana.

As we found above, the events relating to the allegations in the amended complaint all occurred in Indiana. We have weighed all the factors and find that a transfer would be appropriate. In addition, we note that there would be substantial public interest in having the dispute resolved in the Northern District of Indiana since Plaintiffs reside there and all of the events giving rise to Plaintiffs' claims occurred there. Thus, we conclude that, rather than dismissing this case, it is in the interest of justice to transfer this action to the Northern District of Indiana.

## CONCLUSION

Based on the foregoing analysis, we grant in part and deny in part Hammond Defendants' motion to dismiss and transfer the instant action to the Northern District of Indiana.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   October 22, 2009