# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

ROY GOODMAN JR., ROY GOODMAN III, )
RENEE GOODMAN, RENIECE GOODMAN,)
        **Plaintiffs,** )
        **v.** )     **No. 2:09 CV 355**
ADAM CLARK, *et al.*, )
        **Defendants.** )

## OPINION AND ORDER

This case arises out of a search and seizure of the plaintiffs on December 28, 2007. (DE # 119.) Plaintiffs filed a complaint on August 20, 2008 (DE # 1), a first amended complaint on March 31, 2009 (DE # 55), a second amended complaint on December 28, 2009 (DE # 108), and a third amended complaint on September 30, 2010. (DE # 119.) Plaintiffs Roy Goodman Jr., Roy Goodman III, Renee Goodman, and Reniece Goodman are asserting claims of excessive force, false arrest, equal protection class of one, conspiracy, malicious prosecution, and unlawful entry. (*Id.*)

Defendants the United States of America, Agent Adam Clark, Agent Christopher Soyez, Agent Lori Warren, Agent Carrie Landau, Agent Mark Becker, Agent Robert Hall, Michael Barnes, Agent Tyrone Douglass, Gerald Michalak, Robert Ramsey, Daniel Glavach, Laura Walker, Agent Ted May, and Agent Christopher Crocker (collectively the "federal defendants")[1] filed a motion to dismiss Counts II, V, XIII, and X of the third amended complaint for failure to state a claim under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) and Count XI for lack of jurisdiction under RULE 12(b)(1) and for

---

[1] The complaint uses the term "federal agents" to refer to all of the individual federal defendants and defendant Melissa Sims collectively.

failure to state a claim for relief under RULE 12(b)(6). (DE # 134.) For the reasons discussed below, the motion to dismiss will be **GRANTED. Count II and Count VIII will be dismissed with leave to amend within 30 days from entry of this order and Count V, Count X, and XI will be dismissed without leave to amend.**

To begin, the court will briefly address the federal defendants' motion for a summary ruling. (DE # 142.) Plaintiffs had been given until February 11, 2011 to file a response to the federal defendants' motion to dismiss. (DE # 138.) After plaintiffs missed this deadline, the federal defendants filed their motion for a summary ruling on February 15, 2011. (DE # 142.) On February 17, 2011, plaintiffs filed a second motion to extend the time to file their response (DE # 143) and the Magistrate Judge granted this request on February 18, 2011 (DE # 145.) Plaintiffs filed their response on March 5, 2011. (DE # 146.) Therefore, the motion for a summary ruling will be **DENIED.**

## I.    ALLEGATIONS IN THE COMPLAINT

Plaintiffs allege that on December 28, 2007, they were "peacefully enjoying their home" when defendant Hammond officers, Calumet officers, and federal agents entered their home, used grenades and smoke bombs, and restrained, struck, and injured them. (Pls.' Third Am. Compl. ¶ 10, DE # 119.) Plaintiffs allege that they were arrested, forcefully secured, and subjected to excessive force. (*Id.* ¶ 11.) They allege that they had not resisted arrest, threatened any of the defendants, obstructed justice, or battered or assaulted any of the defendants. (*Id.* ¶¶ 12, 14.) They claim that some or all of the defendant Hammond officers, Calumet officers, and federal agents unreasonably

seized them, used bombs, grenades, and smoke bombs, struck and/or grabbed them or failed to intervene in the use of force. (*Id.*) Plaintiffs also allege that the individual defendants arrested them despite the fact that they had not violated any law. (*Id.*)

Plaintiffs allege that the Hammond Officers, the Calumet officers, and the federal agents charged and/or participated in the charging of plaintiff Roy Goodman Jr. with criminal activity and arrested, participated in the arrest, or failed to prevent his arrest despite the fact that they failed to observe or learn that he had committed criminal activity of any sort. (*Id.* ¶ 16.) Plaintiffs allege that on December 28, 2007, all of the individual defendants were on duty during the times relevant to the complaint and were duly appointed officers. (*Id.* ¶ 18.) They claim that the individual defendants engaged in the conduct complained of on December 28, 2007 in the course and scope of their employment while on duty. (*Id.*) Plaintiffs state that they are bringing their claims against the individual federal defendants in their individual capacities. (*Id.*)

Plaintiffs claim that the individual Hammond Officers, Calumet Officers, and federal agents conspired to cause damages to plaintiffs by 1) agreeing to falsely arrest them; 2) agreeing to falsely institute criminal proceedings against Roy Goodman, Jr.; 3) agreeing not to report each other after witnessing and/or using excessive force against plaintiffs; 4) agreeing not to report each other after falsely arresting and/or charging plaintiffs; and 5) generating false documentation to cover-up for their own and each others' misconduct. (*Id.* ¶ 19.) Plaintiffs allege that the defendants communicated about and agreed to their conspiracy on and before December 28, 2007. (*Id.*)

Plaintiffs further allege that the individual federal defendants engaged in a cover-up that lead to the generation of false documentation and criminal charges against Roy Goodman, Jr. (*Id.* ¶ 38.) They allege that this demonstrates that the individual federal defendants failed in their duty to enforce the laws equally and fairly towards Roy Goodman, Jr. (*Id.*) Plaintiffs claim that Roy Goodman, Jr. had the status of someone who was involved in an incident during which the federal defendants and Hammond officers illegally entered his home, used excessive force, and falsely arrested him and his family. (*Id.* ¶ 39.) They allege that the federal agents intentionally discriminated against him on the basis of this status and treated him differently by illegally generating false evidence against him and criminally charging him. (*Id.*) Plaintiffs allege that Roy Goodman, Jr. was treated with ill will and/or discriminated against with no rational basis. (*Id.* ¶ 40.) They allege that the individual federal defendants treated Roy Goodman, Jr. differently by generating false evidence against him and that he was similarly situated to other individuals involved in incidents with police who did not have false evidence and/or documentation created against them. (*Id.*) Plaintiffs allege that the federal agents have each arrested over twenty other individuals besides Roy Goodman, Jr. and they did not falsify reports as to these individuals. (*Id.* ¶¶ 41-43.)

## II.     STANDARD OF REVIEW

When considering whether a complaint fails to state a claim upon which relief can be granted and is therefore subject to a RULE 12(b)(6) dismissal, the court accepts all

of "the complaint's well-pleaded allegations as true" and draws "all favorable inferences for the plaintiff." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Supreme Court has held that to survive a motion to dismiss, a complaint must be plausible on its face, meaning that the plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). In other words, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *Sanjuan*, 40 F.3d at 251 (stating that the plaintiff does not need to plead facts that establish each element of a cause of action and that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint").

The United States Court of Appeals for the Seventh Circuit has explained that "[i]t is rarely proper to draw analogies between complaints alleging different sorts of claims; the type of facts that must be alleged depend upon the legal contours of the claim." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781-82 (7th Cir. 2007); *Pratt v. Tarr,* 464 F.3d 730, 732 (7th Cir. 2006). Accordingly the court will discuss the type of allegations needed for each claim in its analysis below.

## III.   ANALYSIS

### A.    *Excessive Force Claim Pursuant to Bivens and the Fourth Amendment of the United States Constitution (Count II)*

The federal defendants argue that the claim of excessive force against them should be dismissed because the plaintiffs "fail to specifically allege the actions of any specific federal officer." (DE # 135 at 6.) They argue that under *Iqbal* a plaintiff can only properly plead a *Bivens* action by alleging how an individual defendant's actions violated the Constitution. (*Id.* at 6.) Plaintiffs respond that their complaint is plausible and that they should not be required to attribute specific actions to each federal defendant when the defendants acted as a group. (DE # 147 at 2.)

In *Iqbal*, the Supreme Court stated that under *Bivens*, government officials cannot be held "liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." 129 S. Ct. at 1948. The Court continued that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

violated the Constitution." *Id.* The federal defendants also cite to *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009), for the idea that "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." In order to properly plead a defendant's personal involvement for a *Bivens* action, a plaintiff must plead that the defendant acted or failed to act with a deliberate or reckless disregard of plaintiff's constitutional rights or that the conduct causing the constitutional deprivation occurred at the direction of the defendant or with his knowledge and consent. *Gossmeyer v. McDonald,* 128 F.3d 481, 494 (7th Cir. 1997).

There are three possible defects in plaintiffs' pleadings as to personal involvement in their *Bivens* claims.[2] First, as explained in *Iqbal* and *Burks,* a plaintiff cannot state a claim of relief under *Bivens* based on allegations against a supervisor based on his or her position as supervisor without any allegations of personal involvement. Second, the plaintiff cannot use vague language that does not state that each defendant participated in the unconstitutional conduct. The Seventh Circuit has held that a "plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Alejo v. Heller,* 328 F.3d 930, 936 (7th Cir. 2003).[3] In *Brooks v. Ross,* the United States Court of Appeals

_____

[2] Plaintiffs' claims for excessive force (Count III), conspiracy (Count VIII), and unlawful entry into property (Count X) against the federal defendants are all made under *Bivens*. Thus the parties' arguments and the court's analysis applies to all of these claims.

[3] In *Alejo,* the plaintiff alleged that a named defendant and "other John Does of the Bureau of Prisons" violated his constitutional rights by harassing and punishing

for the Seventh Circuit found that plaintiff did not properly allege personal

involvement when he claimed that "'one or more of the Defendants' had engaged in

certain acts or deprived him of his constitutional rights" because the phrasing was

vague and did "not adequately connect specific defendants to illegal acts." 578 F.3d 574,

581 (7th Cir. 2009). On the other hand, the court found that the plaintiff adequately

pleaded personal involvement under *Iqbal* when he specified that he was directing his

allegations at all of the defendants by pleading that "the defendants" acted in concert

with other officials in unlawful retaliation against him.[4] *Id.* at 582. Third, a plaintiff has

---

him disproportionately on the basis of his national origin and by denying him Spanish-speaking interpreters so that he could have meaningful access to the court.
328 F.3d at 933. The Seventh Circuit affirmed the district court's sua sponte dismissal of these claims. It explained that in light of the factual circumstances in that case, the "phrase 'John Does' is fatally over-broad in suggesting that an uncertain number of Bureau of Prisons officials, potentially from every level, participated in denying Alejo his constitutional rights." *Id.*

[4] In a case relied upon by the federal defendants, *Robbins v. Okla. ex rel. Dep't of Human Servs.*, the United States Court of Appeals for the Tenth Circuit explained that in Section 1983 cases, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." 519 F.3d 1242, 1249-50 (10th Cir. 2008). In *Robbins*, the plaintiffs alleged that employees of the Department of Human services instructed them to place their child in a specific day care and the child died at that day care. *Id.* at 1250. The complaint, which also listed the day care operator as a defendant, cast allegations against all defendants collectively and did not specify which defendants had direct contact with the child and her parents. *Id.* The Tenth Circuit explained that the defendants should not have been grouped in a single allegation because the allegedly tortious acts of each defendant was "entirely different in character" from those of the other defendants. *Id.* The Tenth Circuit dismissed the case for failure to provide defendants with notice of the claims against them because it did not allege the acts attributable to them. *Id.*

The complaint here is more similar to the complaint in *Brooks* than to the one in

not alleged that a defendant was personally involved in a constitutional violation when the plaintiff only alleges that the defendant engaged in behavior that was "just as consistent with lawful conduct as it [was] with wrongdoing." *Brooks,* 578 F.3d at 581.

In Count III, plaintiffs have alleged that "[t]he actions and/or the failure to intervene in the actions of the FEDERAL AGENTS amounted to an excessive use of force onto the PLAINTIFFS." (Third Am. Compl. ¶ 26.) The complaint alleged that

> On or about December 28, 2007, some or all of the HAMMOND and CALUMET OFFICERS and/or FEDERAL AGENTS were engaged in an unreasonable seizure of the PLAINTIFFS. Specifically, some or all of the HAMMOND and CALUMET OFFICERS and the FEDERAL AGENTS used sound bombs, grenades[,] and smoke bombs, struck and/or grabbed PLAINTIFFS and/or failed to intervene in the use of said force, despite the fact that PLAINTIFFS had not resisted arrest and/or threatened said Defendants.

(*Id.* ¶ 12.) Plaintiffs' failure to allege which federal defendants took which specific acts in the use of excessive force does not in and of itself warrant dismissal of their claim. In excessive force cases like the one at hand, courts have allowed plaintiffs to plead that groups of defendants participated in the use of excessive force without alleging which defendant threw which punch.

For example, in *Clark v. City of Chicago*, the plaintiffs alleged that defendant "Plainclothes Officers" and some defendant "Uniformed Officers" beat them in a parking lot and that the "Uniformed Officers" failed to intervene, failed to enforce the

---

*Robbins* because most of the federal defendants were alleged to have committed acts of the same character through their participation in the seizure of the plaintiffs. However, as discussed below, the complaint here does not allege that all federal defendants were present at or participated in the seizure.

law, and failed to give assistance. No. 10-C-1803, 2010 U.S. Dist. LEXIS 121685, at *1-3 (N.D. Ill. Nov. 17, 2010). The defendants argued that the claims of excessive force asserted against them under Section 1983 should be dismissed because the plaintiffs did not allege the actions of each individual defendant in the alleged use of excessive force. *Id.* at *9. They argued that it was too vague for the plaintiffs to allege that "all" or "one of" or "more than one of" the defendants used excessive force. *Id*. at *9-10.

The district court denied the motion to dismiss, finding that the plaintiffs had alleged sufficient facts to give defendants notice of the claims against them and to plausibly state a claim. *Id.* at *10. In reaching its conclusion, the court explained that under the circumstances the plaintiffs described - a severe beating from several defendants - it would be impossible for them to provide "a detailed, blow-by-blow recitation of who did what and when" at the pleading stage before discovery. *Id.* The court emphasized that the plaintiffs had alleged personal involvement by pleading that each individual defendant had either participated in the beating or stood by and did not stop the beating and they all played some role in a Section 1983 conspiracy. *Id.* at *11. It also noted that the plaintiffs did not allege conduct consistent with lawful conduct, alleged specific acts that officers took, and broke the defendants down into groups - "male Plainclothes Officers," "female Plainclothes Officers," and "Uniformed Officers." *Id.* at *11-13. The court distinguished cases like *Brooks* and *Alejo* in part because they did

not involve excessive force.[5] *Id.* at *12-14. The *Clark* court stated that in the context of the excessive force claims at issue, "the Individual Defendants need not be provided with notice of every alleged act that each Individual Defendant committed." *Id.* at *17.

In another excessive force case, *Martin v. Teusch*, the plaintiff alleged that officers from the Fort Wayne Police Department, Allen County, and the State of Indiana punched, kicked, and choked him but he did not allege the names of the officers or specify which officer did which act. No. 1:09-cv-321, 2010 U.S. Dist. LEXIS 35492, at *6-8 (N.D. Ind. Apr. 9, 2010). The district court denied the Fort Wayne Officers' motion to dismiss the complaint on the basis that it did not allege specific facts against them. *Id.* The district court found that it was sufficient for him to allege that at least two Fort Wayne officers participated in hitting, kicking, and punching him and that at least three were present at the traffic stop. *Id.* While the court in *Martin* applied a less stringent standard because the plaintiff was *pro se,* this decision shows that courts within the Northern District of Indiana have not required plaintiffs to plead which defendant took which action in excessive force claims.

In another case, *Fields v. City of Chicago*, the district court determined that the plaintiff "adequately allege[d] personal involvement by directing his failure to intervene and conspiracy claims against all of the individual defendants." No. 10-c-1168, 2011 U.S. Dist. LEXIS 36410, at *17-18 (N.D. Ill. Apr. 4, 2011). The court

---

[5] The court also distinguished a case upon which the federal defendants rely, *Grieveson v. Anderson*, because the court there was evaluating a summary judgment ruling. 538 F.3d 763, 778 (7th Cir. 2008).

reasoned that Seventh Circuit's relaxation of the heightened pleading required under RULE 9(b) when the "plaintiff lacks access to all facts necessary to detail his claim" should also apply to application of RULE 8. *Id.* at *16-17 n.2 (citing *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1051 (7th Cir. 1998); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011). Similarly, in *Warren v. Sheriff of Cook County Thomas Dart*, the complaint divided the defendants into three groups - supervisory officers, correctional officers, and nurses - and alleged the conduct of each group collectively rather than alleging the acts of each individual. No. 09-cv-3512, 2010 U.S. Dist. LEXIS 124671, at *15 (N.D. Ill. Nov. 24, 2010). The district judge found that the plaintiffs did not need to "parse which of the named [d]efendants were responsible for which of the [constitutionally violative] acts or omissions." *Id.* at *20-21. The court found that the plaintiffs could identify each defendant's personal role through discovery process. *Id.*

Accordingly, the plaintiffs may allege that an individual personally participated in the use of excessive force without specifically stating what force that individual defendant used. Plaintiffs have had the opportunity to participate in some limited discovery. (DE # 115 at 39; DE # 147 at 2.) But discovery has also been stayed for long periods of time during this litigation (*see* DE ## 88, 146) and the parties have not made a discovery plan pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(f). (DE # 138 at 2.) Because only limited discovery has been undertaken in this case and because of the

nature of the excessive force claims, it may be difficult for the plaintiffs to know which federal agents used bombs, grenades, smoke bombs, or other force.

What is problematic here is that plaintiffs have not alleged that all of the federal defendants were engaged in the unreasonable seizure or even that all of them were present at the alleged seizure on December 28, 2007. They have just stated that "some or all" of the federal agents were involved. Plaintiffs have also only alleged that "some or all" of the federal agents "used sound bombs, grenades[,] and smoke bombs, struck and/or grabbed PLAINTIFFS and/or failed to intervene in the use of said force." Thus, it is possible from the complaint that some of the federal defendants did not use force or fail to intervene in the use of force. Under *Brooks*, a complaint can state a claim by stating that "all defendants" took an action, but the language "some or all of the defendants" is insufficient to allege personal involvement because it does not provide the individual defendants with notice of what claims are being brought against them. Accordingly, plaintiffs have not pleaded beyond the speculative level that each or any of the individual federal defendants actually violated their constitutional rights.

As part of their excessive force claim, plaintiffs also allege that "[t]he individual defendants arrested and/or participated in the arrest" of the plaintiffs even though the plaintiffs had not violated state and/or federal law. (Pls.' Third Am. Compl. ¶ 13.) Here, the plaintiffs do allege that all of the defendants participated in the arrest. However it is not automatically a constitutional violation for a government official to arrest someone who ultimately did not commit a violation of law. *Graham v. Connor*, 490 U.S. 386, 396

13

(1989) ("The Fourth Amendment is not violated by an arrest based on probable cause, even though the wrong person is arrested.") (quoting *Hill v. California*, 401 U.S. 797 (1971)). Plaintiffs do not allege that all of the federal defendants knew that there was not a warrant, probable cause, or some other legal justification for arresting the plaintiffs.[6] Therefore, according to the complaint, the act of arresting the plaintiffs is just as consistent with lawful conduct as it is with unlawful conduct. Because plaintiffs have alleged that all of the federal defendants participated in their arrest, but have not alleged that all of the federal defendants participated or even were present at their seizure,[7] the complaint does not clearly allege personal involvement in unconstitutional conduct by all of the federal defendants. It is not clear from the complaint that plaintiffs are not attempting to hold defendants responsible for actions of their subordinates as prohibited by the rule stated in *Iqbal* and *Burks*. Nonetheless, as explained above, plaintiffs have not alleged that all the federal defendants were present at the seizure and have not alleged the roles or positions of each individual federal defendant.

---

[6] In paragraph 16, plaintiffs allege that the federal agents charged Roy Goodman Jr. with criminal activity and arrested him without probable cause. (Pls.' Third Am. Compl. ¶ 16.) They do not allege that the federal agents knew that probable cause did not exist, and they do not make a similar allegation for any other plaintiff.

[7] The court is concerned that plaintiffs may have filed their complaint against all federal defendants involved in their arrest whether or not the federal defendants were present at or even knew of the seizure on December 28, 2007. This concern is bolstered by the indication that one of the federal agents, who is not represented in this motion, Melissa Sims, was stated to be an evidence control technician. (DE # 135 at 2.) Someone in this type of position appears to be unlikely to be involved in a seizure, particularly when the complaint does not clearly allege that all of the defendants were present at the seizure.

Therefore, it is not clear that plaintiffs are not attempting to hold any of the federal defendants responsible for the actions of their subordinates without alleging personal involvement.

In a case with a complaint similar to the one at hand, *Smith v. Village of Dolton*, the plaintiff alleged that three specific defendants seized and searched him without a warrant, probable cause, or any other legal justification and that "one or more of the Defendant OFFICERS" knew of these violations and failed to intervene. No. 09-C-6351, 2010 U.S. Dist. LEXIS 17458, at *6 (N.D. Ill. Feb. 25, 2010). The district court found that the complaint did not notify defendants if they were the target of the plaintiff's failure to intervene allegations. *Id.* at *6-7. The trial court explained that the complaint did not define the term "Defendant OFFICERS" or explain how it was intended to be used in different sections of the complaint. *Id.* at *7. As a result, the court dismissed the plaintiffs' complaint against the defendant officers for failure to intervene but gave the plaintiffs leave to amend the complaint in order to address the identified insufficiencies. *Id.* at *16-17.

Accordingly, plaintiffs have 30 days to amend their complaint consistent with this order. Plaintiffs must be able to allege that each individual federal defendant was present at the seizure and took part in the excessive force or failed to intervene or knew that excessive force would be used and turned a blind eye to it, assented to it, or directed it. Plaintiffs' allegation as to their arrest does not rise to the level of a constitutional violations. If there is any defendant for which plaintiffs cannot allege that

15

he or she was individually responsible for violating plaintiffs' constitutional rights as part of the seizure, that defendant will be dismissed from the case. *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987).

   B.   *Conspiracy (Count VIII)*

   Plaintiffs' allegations as to conspiracy are as follows:

19.   Some or all of the HAMMOND OFFICERS, CALUMET OFFICERS[,] and/or THE AGENTS OF THE UNITED STATES conspired, with each other and/or with the members of their own department, to cause damages to PLAINTIFFS in the following manner:
   a.   agreeing to falsely arrest the PLAINTIFFS;
   b.   agreeing to falsely institute criminal charges/proceedings against ROY GOODMAN, JR.[;]
   c.   agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;
   d.   agreeing not to report each other after falsely arresting and/or charging the PLAINTIFFS;
   e.   generating false documentation to cover-up for their own and each other's misconduct.

(Pls.' Third Am. Compl. ¶ 19.)

   The federal defendants argue that this claim should be dismissed because it is a formulaic recitation of the elements of conspiracy. (DE # 135 at 9.) They also argue that this claim should be dismissed because it does not allege the individual actions taken by each federal defendant. (*Id.* at 9-10.)

   The Seventh Circuit has explained that claims of conspiracy are held to a "high standard of plausibility," higher than that for other allegations. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). The Seventh Circuit has required that a plaintiff pleading conspiracy allege "the parties, the general purpose, and the approximate date of the

conspiracy." *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Here, plaintiffs' have alleged that the conspiracy was related to the seizure on December 28, 2007, and that the defendants conspired not to report each other based on their actions of that day and to bring false charges against Roy Goodman, Jr. In *Flowers v. "Secrets" Night Club*, the court found that the plaintiffs' allegations of conspiracy met *Iqbal* and *Twombly's* plausibility standard when the plaintiffs alleged that officers conspired with security guards to arrest the plaintiffs without provocation. No. 09-C-1736, 2010 U.S. Dist. LEXIS 117718, at *11-12 (N.D. Ill. Nov. 2, 2010). Similarly, plaintiffs' have alleged a claim of conspiracy as to excessive force, but the judge in *Flowers* made an observation that applies here: "[p]laintiffs will have their work cut out for them developing evidence of a conspiracy distinct from a run-of-the-mill case of a police officer relying on an eyewitness." *Id*. at *11.

Further, plaintiffs' *Bivens* conspiracy claim is based on the premise that the federal defendants violated their constitutional rights. Therefore, if they have not alleged that their constitutional rights were violated, they have not sufficiently alleged a *Bivens* conspiracy claim. *See e.g., Kimberlin v. United States Dep't of Justice,* 788 F.2d 434, 439 (7th Cir. 1986). Plaintiffs have not sufficiently pleaded that the federal defendants falsely arrested them. Plaintiffs have not alleged any facts that the federal defendants knew that there was no probable cause or legal justification for arresting them. Plaintiffs only assert the legal conclusion that they were "falsely arrested." They also allege that they were arrested despite not having violated a crime, but this is not necessarily a

constitutional violation. In their brief only, not in their complaint, plaintiffs point to

Agent Adam Clark's affidavit submitted to support the warrant for the search of their

home. (DE # 147 at 9.) They argue that the content of the conspiracy is seen by looking

at the affidavit and the complaint together. Even if the court considers this document, it

does not do anything to help plaintiffs state a claim that they were falsely arrested.

Nothing in the affidavit shows that Agent Clark made any intentionally false statements

or omissions. Plaintiffs have also not pointed to any false documentation that was

created as a cover-up. Therefore, plaintiffs have only sufficiently pleaded a *Bivens*

conspiracy as it relates to the seizure.

Even as it relates to the seizure, plaintiffs' conspiracy claim suffers from the same

insufficiency as to personal involvement as their excessive force claim. Plaintiffs have

alleged that "[s]ome or all of the" federal defendants have engaged in a conspiracy.

(Pls.' Third Am. Compl. ¶ 19.) Therefore, plaintiffs' *Bivens* conspiracy claim suffers from

the same insufficiency as their excessive force claim as discussed above. Plaintiffs have

not pleaded that all of the individual federal defendants participated in the conspiracy,

so this claim must be dismissed. Plaintiffs will be granted 30 days to allege which of the

defendants participated in the conspiracy related to the allegations of excessive force.

    C.    *Bivens Unlawful Entry into Property (Count X)*

Plaintiffs claim that the federal defendants violated their Fourth Amendment

rights by invading their home. Generally a Fourth Amendment violation cannot be

based on an entry made pursuant to a valid warrant. *Whitlock v. Brown*, 596 F.3d 406,

410 (7th Cir. 2010). While a warrant and the information supporting it are presumed to be valid, this presumption falls away if there is a showing that the "officer who sought the warrant 'knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer,'" and those false statements were material to the judicial officer's finding that probable cause existed. *Id.* (quoting *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 742-43 (7th Cir. 2003)); *Suarez v. Town of Ogden Dunes*, 581 F.3d 591, 596 (7th Cir. 2009). The presumption is also overcome by a showing that the officer seeking the warrant "intentionally or recklessly withheld material facts from the warrant-issuing judge." *Whitlock*, 596 F.3d at 411 (citing *United States v. Sims*, 551 F.3d 640, 645 (7th Cir. 2008)). In sum, the Fourth Amendment is violated by seizures made pursuant to warrants issued upon a probable cause showing that is based on a material false statement or omission made knowingly, intentionally, or with reckless disregard for the truth. *United States v. Williams*, 565 F. Supp. 353, 369-370 (N.D. Ill. 1983) (citing *Franks v. Delaware*, 438 U.S. 154, 155 (1978)).

Plaintiffs claim that the federal defendants' entry into their home was unlawful because the federal defendants knew that the "warrant permitting entry to the home . . . was based on unsubstantiated facts." (Pls.' Third Am. Compl. ¶ 61.) Plaintiffs do not allege what those unsubstantiated facts[8] were or that the federal defendants

---

[8] Plaintiffs have only alleged that the warrant was based on unsubstantiated facts. They have not alleged that the statements in the warrant or in the affidavit supporting it were false. The warrant only needed to show that there was a "probability or substantial chance of criminal activity, not a certainty that a crime was committed."

intentionally, knowingly, or recklessly made material false statements or omissions to the judicial officer who issued the warrant. Plaintiffs' allegation that the warrant was based on "unsubstantiated facts" is a legal conclusion that the court need not accept as true at the pleading stage. *Iqbal,* 129 S. Ct. at 1949. Beyond that, plaintiffs do not make any allegations about why the warrant was not valid. The failure to allege the false or misleading statement or omission that was material to the judicial officer's decision to issue the warrant can justify dismissal of a claim. *See e.g., Flores v. Walgreen Co.*, No. 08-C-7419, 2010 U.S. Dist. LEXIS 104664 (N.D. Ill. Sept. 30, 2010). This is not like an excessive force claim in which it is difficult for plaintiffs to identify who threw which punch when they are being seized. For this claim, plaintiffs have access to the warrant and could and should have given some indication as to which facts in the warrant and its supporting affidavit they allege to be false. Accordingly, the federal defendants' motion to dismiss plaintiffs' *Bivens* claim for unlawful entry (Count X) will be granted without leave to amend.

D.     *Equal Protection Class of One (Count V)*

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits state action that discriminates against an individual on the basis of membership in a protected class or that irrationally targets an individual for

_____

*Beauchamp,* 320 F.3d at 743. Probable cause may be established by the complaint of a single witness or victim unless that complaint would be suspicious to a reasonable officer. *Id.* Therefore, if the plaintiffs are attempting to argue that the warrant was based on a witness's testimony that was unsubstantiated by other evidence, their claim of excessive force is even more speculative.

discriminatory treatment as a so-called "class of one." *See Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 602-03 (2008); *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). The Seventh Circuit has explained that:

> A class of one equal protection claim may be brought where (1) the plaintiff alleges that he has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus' toward the plaintiff by the defendant.

*McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004).

The federal defendants argue that plaintiffs have insufficiently alleged a claim of equal protection class of one because they have not identified other individuals who were similarly situated to Roy Goodman, Jr. and because they have not alleged the specific illegitimate animus that the differential treatment was based on. (DE # 135 at 8.) Plaintiffs respond that they are not required to name the other similarly situated people at the motion to dismiss stage. (DE # 147 at 5.) They further argue that they did not need to allege an illegitimate animus because their claim is based on the premise that the federal defendants had no rational basis for their differential treatment of Roy Goodman, Jr.[9] (*Id.* at 5.)

---

[9] Some Seventh Circuit decisions have held that a claim of equal protection class of one can only be based on illegitimate animus. *Srail v. Vill. of Lisle, Ill.,* 588 F.3d 940, 945 (7th Cir. 2009) ("At times, we have held that a class-of-one claim's absence of rational basis requires proof of illegitimate animus, while at other times, we have held that a class-of-one claim requires illegitimate animus as an alternative to the absence of rational basis."). However, the court does not need to address this issue as plaintiffs have not sufficiently alleged intentional differential treatment and the existence of similarly situated individuals.

Plaintiffs allege that the federal agents violated the equal protection clause by "engaging a cover-up, leading to the generation of false documentation and criminal charges to be lodged against" Roy Goodman, Jr. (Pls.' Third Am. Compl. ¶ 38.) They assert that:

> 39. In connection with the Equal Protection Claim, ROY GOODMAN, JR. was treated differently by the FEDERAL AGENTS. The FEDERAL AGENTS acted with discriminatory intent by treating ROY GOODMAN, JR., differently, trying to cause further injury to ROY GOODMAN, JR., by illegally generating false evidence against and criminally charging ROY GOODMAN, JR., specifically due to the status of ROY GOODMAN, JR., as *inter alia*, a person who was involved in an incident whereby FEDERAL AGENTS and fellow HAMMOND AGENTS illegally entered his home, used excessive force and falsely arrested ROY GOODMAN, JR. and his family.
>
> 40. ROY GOODMAN, JR., was treated with ill will and/or discriminated against with no rational basis. ROY GOODMAN, JR. was intentionally treated differently as a result of having a potential claim and witnessing misconduct attributable to the FEDERAL AGENTS. The FEDERAL AGENTS acted with discriminatory intent by treating ROY GOODMAN, JR. differently and trying to cause further injury to ROY GOODMAN, JR. by generating false evidence against ROY GOODMAN, JR. Further, ROY GOODMAN, JR. was similarly situated to other individuals involved in incidents with police officers that did not have false evidence and/or documentation created against them.

(*Id.* ¶¶ 39-40.) Plaintiffs then allege that on December 28, 2007, there was no reasonable reason for the federal agents to falsify reports with respect to Roy Goodman, Jr. (*Id.* ¶ 46.) They allege that the federal agents have arrested over twenty other individuals without falsifying reports as to those individuals. (*Id.* ¶¶ 41-43.)

Plaintiffs' claim of equal protection class of one against the federal defendants is not sufficient to state a claim upon which relief can be granted. First, most of the claim is merely a recitation of the elements of a claim of equal protection class of one and this

cannot satisfy the requirements of RULE 8. *Brooks,* 578 F.3d at 581 (interpreting *Iqbal* as "admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims").

Second, plaintiffs' allegations of intentional differential treatment of Roy Goodman Jr. do not rise above the level of speculation. Plaintiffs allege that the federal agents treated Roy Goodman, Jr. differently by generating false evidence and false reports against him and by criminally charging him. However, plaintiffs do not say what false reports or false evidence was generated against Roy Goodman, Jr. They do not allege that these reports and evidence were generated after the seizure on December 28, 2007. Defendants are not on notice of what they are defending themselves against because they do not know what type of false evidence or reports they are alleged to have created. Plaintiffs state that the federal agents intentionally treated Roy Goodman Jr. differently, but they do not allege that the federal agents intentionally created false reports or evidence against him. Plaintiffs have not alleged any facts indicating that the federal defendants intentionally treated Roy Goodman Jr. differently. *White v. City of Waukegan*, No. 10-C-6454, 2011 U.S. Dist. LEXIS 65250, at *8 (N.D. Ill. June 20, 2011). The allegations here are vague, convoluted, and speculative and do not put the federal defendants on notice of what they are defending themselves against.

Even more, to survive a motion to dismiss, a claim of equal protection class of one must identify similarly situated individuals. *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010). To be similarly situated, "comparators must

be prima facie identical" to the plaintiff " in all relevant respects." *Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 945 (7th Cir. 2009) (internal quotations omitted). Plaintiffs' claims of similarly situated individuals are based on pure speculation. They claim that the federal defendants have arrested twenty individuals without falsifying reports as to those individuals. Plaintiffs make no allegations that these people are in any way similar to Roy Goodman Jr. It is not clear that these people have been identified in any concrete way beyond plaintiffs' speculation that the federal agents each must have arrested twenty people without making false reports.

Further, plaintiffs do not allege that all of the federal agents generated the false documentation and criminal charges against Roy Goodman Jr. Instead, they allege that the federal agents engaged in "a cover-up, leading to the generation of false documentation and criminal charges" against Roy Goodman Jr. Therefore, the complaint does not allege that all of the individual federal defendants participated in the differential treatment of Roy Goodman Jr. For all these reasons, this claim will be dismissed without leave to amend.

E.    *Qualified Immunity*

The court has already dismissed the unlawful entry claim so it need only determine if the defendants are entitled to qualified immunity as to plaintiffs' excessive force claim. In order for plaintiffs to defeat a qualified immunity defense at the motion to dismiss stage, they must meet two requirements: "the complaint must adequately allege facts that, if true, would constitute a violation of a constitutional right, and (2) the case law must be 'clearly established' at the time of the alleged violation, so that a

reasonable public official would have known that his conduct was unlawful." *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 353 (7th Cir. 2005) (quoting *Delgado v. Jones*, 282 F.3d 511, 515-16 (7th Cir. 2002)). The plaintiff has the burden to "prove that a right was clearly established at the time of the conduct at issue." *Id.* As stated earlier, since the case is at the motion to dismiss stage, all allegations in the pleadings must be viewed in the light most favorable to the plaintiffs. *Id.* at 355.

The federal defendants urge the court to consider the warrant issued in this case and Agent Adam Clark's affidavit supporting it. (DE # 148 at 4.) They argue that the affidavit establishes that the search warrant issued in this case was a "high risk" search warrant that justified the use of flash-bang grenades. (*Id.*) The federal defendants argue that these documents can be considered at the motion to dismiss stage because they are matters of public record referred to in the plaintiffs' complaint. (DE # 135 at 10.) Plaintiffs argue that they have alleged that the information in the affidavit is falsified and that the federal defendants cannot use an allegedly falsified affidavit that is outside of the pleadings to support a motion to dismiss. (DE # 147 at 8.)

The federal defendants rely upon *General Electric. Capital Corporation v. Lease Resolution Corporation*, for their argument that the affidavit should be considered. 128 F.3d 1074, 1080 (7th Cir. 1997). In that case the Seventh Circuit noted that courts commonly take judicial notice of matters of judicial records while ruling on motions to dismiss. *Id.* However, the Seventh Circuit cautioned that courts cannot automatically take judicial notice of any document within a court's record. *Id.* Instead a court taking judicial notice of facts contained in a document outside of the pleadings must strictly

adhere to the requirements of FEDERAL RULE OF EVIDENCE 201(b) for taking judicial notice. Those requirements are that the fact subject to judicial notice must be both "'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Id.* (citing FED. R. EVID. 201(b)). In this case, plaintiffs argue that the information in Agent Clark's affidavit is falsified. (DE # 147 at 8.) While the court has already found that plaintiffs' complaint does not allege that the warrant included intentional misrepresentations, it will still accept that the affidavit and the warrant are in dispute. Therefore, it will not consider them in evaluating the motion to dismiss.

The court evaluates whether force was unreasonable so as to violate plaintiffs' Fourth Amendment rights by evaluating the situation from "the perspective of a reasonable officer on the scene." *Graham,* 490 U.S. at 394. The Seventh Circuit has stated that flash-bang devices may not be appropriate in every case, or even in most cases. *Estate of Escobedo v. Bender,* 600 F.3d 770, 784 (7th Cir. 2010); *Molina v. Cooper*, 325 F.3d 963, 973 (7th Cir. 2003). Their use can be reasonable if the officers have concern for their personal safety because they know that the defendant is dangerous and has access to a weapon and if the officers know that there is not a risk to other people. *Id.* In this case, plaintiffs allege that the federal defendants violated their Fourth Amendment rights by throwing flash grenades and smoke bombs into their home and by striking and restraining them. They allege that the use of flash-bang grenades was unjustified because plaintiffs did not resist arrest or threaten the defendants. They also allege that

26

the federal defendants did not have probable cause to believe that Roy Goodman Jr. committed criminal activity. Therefore, plaintiffs have plausibly alleged that their constitutional rights were violated, but this is a very close call. In *Molina*, the Seventh Circuit determined that the use of flash devices did not rise to the level of a constitutional violation when the officers had information that the plaintiff had a criminal record that included aggravated assault, that he was at home, and that he had access to a weapon. 325 F.3d at 973. The court also noted that the flash-bang devices were not used in the presence of the other people in the home. *Id.* At this point the allegations are that the situation here was not high-risk. Once the facts of this case are fleshed out a little more, this may very well turn out to be case in which the use of flash-bang grenades was reasonable.

The next question is whether plaintiffs have met their burden of establishing that the constitutional rights at issue were clearly established at the time of the conduct. *Escobedo*, 600 F.3d at 779. Plaintiffs have not made any attempt to establish that their right to not be shoved, grabbed, or restrained was clearly established. They only attempt to establish that their right not to have tear gas or flash-bang grenades used against them. (DE # 147 at 7.) Therefore, the federal defendants are entitled to qualified immunity as to their alleged actions of shoving, grabbing, and restraining plaintiffs. Also, nowhere in the complaint do plaintiffs allege that tear gas was used against them. Therefore, following plaintiffs' lead, the court will focus on whether the right to be free of flash-bang grenades was clearly established.

In *Escobedo* the Seventh Circuit determined that it had indicated in dicta in 2003 that the use of a flash-bang grenades may only be reasonable when there is "a dangerous suspect and a dangerous entry point for the police, when the police have checked to see if innocent individuals are around before deploying the device, when the police have visually inspected the area where the device will be used and when the police carry a fire extinguisher." 600 F.3d at 784-85 (citing *United States v. Morris*, 349 F.3d 1009 at 1012 n.1 (7th Cir. 2003)).

Here, plaintiffs allege that they were not evading arrest, that they were not homicidal, that they did not pose a threat, and that they had not committed a crime. The federal defendants were attempting to arrest Roy Goodman Jr. and as stated above, the plaintiffs have not sufficiently alleged that the warrant to search his home was invalid. However, the court can not consider the warrant and Agent Clark's supporting affidavit, so it cannot find that Goodman was considered dangerous at this time. Taking the allegations in the light most favorable to plaintiffs, the right against flash-bang grenades was clearly established. This finding may change at a later stage when the court can consider information beyond the complaint.

F.    *Claims against the United States (Count XI)*

The federal defendants have moved for dismissal of Count XI against the United States of America. (DE # 135 at 14.) Plaintiffs do not object to the dismissal of this count. (DE # 147 at 9.) Therefore Count XI will be dismissed from the third amended complaint and the United States of America will be dismissed as a defendant.

**IV.    CONCLUSION**

For the foregoing reasons, the federal defendants' motion to dismiss (DE # 135) is **GRANTED**. However, plaintiffs have **30 days** after entry of this order to file an amended complaint to address the deficiencies identified with regard to Count I and Count VIII of the complaint. The excessive force claim in Count I is limited to the use of the flash-bang grenades because the federal defendants have qualified immunity for their use of the other means of force. The conspiracy claim in Count VII is limited to a conspiracy related to the use of excessive force. Count V and Count X are **DISMISSED** without leave to amend. The claim against the United States of America is **DISMISSED** so the United States of America is **DISMISSED** as a defendant in this case and **FINAL JUDGMENT** will be **ENTERED** in its favor. The federal defendants' motion for a summary ruling (DE # 142) is **DENIED**.

**SO ORDERED.**

Date: July 25, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT