UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ROY GOODMAN JR., ROY GOODMAN III, | ) | |
|---|---|---|
| RENEE GOODMAN, RENIECE GOODMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 2:09 CV 355 |
| | ) | |
| ADAM CLARK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Several defendants,[1] who have filed motions for summary judgment (DE ## 198, 205), have filed a motion for summary ruling. (DE # 218.) Plaintiffs have filed a response to that motion (DE # 223), and defendants have filed a reply (DE # 224). For the following reasons, defendants' motion for summary ruling is granted.

### I. Background

This case, which was originally filed in 2008,[2] arose out of the execution of a search warrant by law enforcement officers at plaintiffs' residence on December 27, 2008. (DE # 151.) Plaintiffs filed suit against numerous defendants alleging multiple violations of federal and state law. (*Id.*) Defendants Donald Kalina and Stephanie

---

[1] Those defendants are Donald Kalina, incorrectly sued as "Officer Donald" and "Officer Kalin," and Stephanie Holloway, incorrectly sued as "Officer Stephanie" and "Officer Holloway," Randolph Chavez, Michael R. Danko, Karl Eidam, Keith Markert, John R. Murks, James Onohan and Charles J. Turner, Jr.. (*See* DE # 218.) The court will refer to these parties as "defendants" for purposes of this order.

[2] This case was transferred to this court from the Northern District of Illinois in 2009. (DE ## 93, 94.)

Holloway (DE # 198), and defendants Randolph Chavez, Michael R. Danko, Karl Eidam, Keith Markert, John R. Murks, James Onohan, and Charles J. Turner, Jr. (DE # 205), moved for summary judgment on several of plaintiffs' claims. Pursuant to N. D. IND. LOCAL RULE 56-1(b), plaintiffs had 28 days to respond to defendants' motions. Plaintiffs did not respond to either motion in the time allowed.

After plaintiffs failed to timely respond to their motions for summary judgment, defendants moved for summary ruling on their motions for summary judgment. (DE # 218.) N. D. IND. LOCAL RULE 7-1 (d)(4) states that the court "may rule on a motion summarily if an opposing party does not file a response before the deadline." Despite failing to respond to defendants' motions for summary judgment, plaintiffs responded to defendants' motion for summary ruling. In their response, plaintiffs make several arguments as to why a summary ruling is inappropriate in this case. The court will address each argument in turn.

II.     Analysis

Plaintiffs first argue that defendants' motions for summary judgment are premature because the parties are still engaging in discovery. (DE # 223 at 2.) This argument is not supported by legal authority. FED. R. CIV. P. 56(b) states that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b); *see also Walsh v. Heilmann,* 472 F.3d 504, 505 (7th Cir. 2006) ("Summary judgment need not await discovery when the material facts are undisputed.").

Plaintiffs next argue that a summary ruling is inappropriate in this case because plaintiffs have offered to dismiss defendants without prejudice. (DE # 223 at 2.) Specifically, plaintiffs argue that ruling on defendants' motions summarily is inappropriate because a less drastic measure, dismissal without prejudice, is available, and because defendants have failed to present evidence which shows that "this is an extreme situation or a record of delay or contumacious conduct." (*Id.*) As defendants correctly point out in their reply brief (DE # 224 at 11), the argument plaintiffs are making here, and the cases cited in support of this argument, deal with situations in which a court is determining whether to dismiss a case as a sanction under RULE 37 and RULE 41 or when a plaintiff has voluntarily moved to dismiss a case. *See Martin v. Fort Wayne Police Dep't*, No. 1:04-CV-450, 2005 WL 3118020, at *2-4 (N.D. Ind. Nov. 21, 2005) (discussing dismissal under RULE 37 and RULE 41); *Hunter v. Surgitek/Medical Eng'g Corp.*, No. S92–56M, 1992 WL 165819 (N.D. Ind. May 29, 1992) (discussing dismissal under RULE 41). The court is not considering dismissing plaintiffs' suit under either RULE 37 or RULE 41, and plaintiffs have not moved to dismiss defendants under RULE 41.[3] Therefore, plaintiffs' arguments here are inapposite.

---

[3] The court will not construe plaintiffs' response to defendants' motion for summary ruling as a motion to dismiss defendants under RULE 41. *See* N.D. IND. LOCAL RULE 7-1(a) ("Motions must be filed separately . . . ."); *see also St. Paul Fire & Marine Ins. Co. v. Schilli Transp. Servs., Inc.*, No. 2:08cv176, 2010 WL 2629485, at *2 (N.D. Ind. June 28, 2010) (citing to RULE 7-1 and concluding that "defendant's Motion to Strike contained within its Response is not a properly filed motion and will not be addressed."). Moreover, plaintiffs have not requested that the court dismiss the moving defendants without prejudice. (*See* DE # 223.)

Plaintiffs also point out that only affidavits have been submitted as evidence in support of defendants' motions for summary judgment (DE # 223 at 2), and indicate that they believe that further discovery will assist them in determining whether any of the defendants that have moved for summary judgment played a role in plaintiffs' arrest. (*Id.*) Thus, plaintiffs appear to be requesting additional time to conduct further discovery.

Under RULE 56(d), a party opposing summary judgment may move for additional time to conduct discovery if that party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Plaintiffs, however, have not filed an affidavit or a declaration explaining why they cannot present facts to oppose defendants' motions for summary judgment. This alone is a sufficient reason for denying defendants' request for additional discovery. *See RBS Citizens, N.A. v. Sanyou Import, Inc.*, No. 11–3517, 2013 WL 2285141, at *5 (7th Cir. May 24, 2013) ("Because appellants filed no Rule 56(d) affidavit in the district court requesting additional time, the district court did not abuse its discretion in deciding the motion without delay."); *First Nat. Bank and Trust Corp. v. Am. Eurocopter Corp.*, 378 F.3d 682, 694 (7th Cir. 2004) ("Because [plaintiff] failed to submit a Rule 56(f)[4] affidavit, claiming that it could not adequately oppose the motion for summary judgment by

---

[4] RULE 56 was amended in 2010, and what had been subsection (f) was carried forward without substantial change as subsection (d). *See* FED. R. CIV. P. 56 advisory committee's notes; *see also Iqbal v. Patel*, No. 2:12 cv 56, 2012 WL 6508282, at * 1 n.1 (N.D. Ind. Dec. 13, 2012).

4

reason of incomplete discovery, it was not an abuse of discretion by the district court to rule on the motion for summary judgment before [plaintiff] was satisfied that all necessary discovery had occurred.") *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000) ("While [plaintiff] did ask the district court to postpone its ruling until he could depose Flores and the officers, he did not file an affidavit outlining his reasons for needing further discovery as contemplated by Rule 56(f). This alone justifies affirmance of the district court's decision.").

Additionally, it must be noted that plaintiffs' request for additional discovery was not made in a response to defendants' motions for summary judgment. This request was made in response to defendants' motion for summary ruling, and came after the time in which to respond to defendants' motions for summary judgment had expired. (*See* DE # 198; DE # 205); N.D. IND. LOCAL RULE 56-1(b). Moreover, plaintiffs have not even alleged that they attempted to engage in discovery prior to their response brief deadlines or even contemplated responding to defendants' motions.

Plaintiffs' inactivity in this case is an insufficient reason for refusing to summarily rule on defendants' motions for summary judgment. Although there is no set time stated in RULE 56(d) for moving for additional discovery, the Seventh Circuit has held that any request for additional discovery must be made "in an expeditious manner." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000). In this case, plaintiffs' request for additional discovery came two months after the latter of the two motions for summary judgment was filed, and over a month after plaintiffs'

response to the latter of the two motions for summary judgment was due. This request, therefore, was not made "in an expeditious manner." *See id.* (ruling that it was not an abuse of discretion for district court to deny request for additional discovery when request was filed three months after summary judgment motion was filed and one month after response was due). Therefore, the court will grant defendants' motion for summary ruling.

III.   Conclusion

For the foregoing reasons, defendants' motion for summary ruling (DE # 218) is **GRANTED**.

                              **SO ORDERED.**

Date: July 8, 2013

                          s/James T. Moody
                          JUDGE JAMES T. MOODY
                          UNITED STATES DISTRICT COURT