UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROY GOODMAN JR., ROY GOODMAN III, RENEE GOODMAN, RENIECE GOODMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:09 CV 355 ) |
| ADAM CLARK, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendants Randolph Chavez, Michael R. Danko, Karl Eidam, Keith Markert, John R. Murks, James Onohan, and Charles J. Turner, Jr.'s ("defendants")* motion for summary judgment. (DE # 205.) Plaintiffs have not responded to this motion, and the time to do so has now passed. For the following reasons, defendants' motion for summary judgment is granted in part and denied in part.

I.   **Factual and Procedural Background**

In their fourth amended complaint (DE # 151), plaintiffs allege that on or about December 28, 2007, federal agents and members of the Hammond Police Department entered plaintiffs' home, aided by the use of sound grenades and smoke bombs. Plaintiffs further allege that they were arrested, and that charges were brought against

---

   * There are other defendants in this case, but for purposes of this opinion, the court will refer to Randolph Chavez, Michael R. Danko, Karl Eidam, Keith Markert, John R. Murks, James Onohan, and Charles J. Turner, Jr. as "defendants."

plaintiff Roy Goodman, Jr., despite the Hammond Officers lacking probable cause. Defendants are members of the Hammond Police Department. (DE # 206 at 2.) In their Fourth Amended complaint, plaintiffs bring the following claims against the Hammond Officers: Excessive force (Count I), false arrest (Count III), and conspiracy to commit Constitutional violations (Count V) under 42 U.S.C. § 1983, and state-law claims of false arrest (Count IV) and malicious prosecution (Count VII). (*Id.* at 6-9.)

In their brief in support of their motion for summary judgment, defendants have submitted a statement of material facts. (DE # 206 at 2.) Because plaintiffs have not responded to defendants' motion for summary judgment, these facts are deemed admitted for purposes of this motion. FED. R. CIV. P. 56(e)(2).

As mentioned above, defendants are members of the Hammond Police Department. (DE # 206 at 2.) Each defendant participated in a limited capacity in the execution of a search warrant at plaintiffs' home on or about December 28, 2007. (*Id.*) Although defendants were present for the execution of the search warrant, none of the defendants were involved in the investigation, arrest, or detention of the plaintiffs. (*Id.*) None of the defendants touched, spoke to, or interacted with any of the plaintiffs. (*Id.*) None of the defendants placed plaintiffs in physical restraints or handcuffs. (*Id.*) None of the defendants saw anyone strike any of the plaintiffs, place any of the plaintiffs in handcuffs or physical restraints, or arrest any of the plaintiffs. (*Id.* at 2-3) None of the defendants deployed any type of flash-bang device at plaintiffs' home. (*Id.* at 3.) None of the defendants saw plaintiffs being transported anywhere, and none of the

2

defendants saw plaintiffs at the Hammond Police Station. (*Id.*) None of the defendants had any physical contact with plaintiffs at plaintiffs' home or the Hammond Police Department with regard to the alleged events in plaintiffs' fourth amended complaint. (*Id.*)

All of the defendants, with the exception of Charles Turner, were at plaintiffs' home to provide perimeter security. (DE # 206-1 at 2; DE # 206-2 at 2; DE # 206-3 at 2; DE # 206-4 at 2; DE # 206-5 at 2; DE # 206-6 at 2.) Only defendant Turner actually entered plaintiffs' home during the execution of the search warrant. (DE # 206-7 at 2.) Defendant Turner, however, did not interact with, touch, speak to, or strike any of the plaintiffs. (*Id.*) He also did not place any of the plaintiffs in handcuffs or other restraints. (*Id.*) Finally, he did not see anyone else strike any of the plaintiffs, place any of the plaintiffs in handcuffs or other restraints, or arrest any of the plaintiffs. (*Id.* at 2-3.)

Defendants have now moved for summary judgment on several of plaintiffs' claims.

## II.     Legal Standard

Defendants have moved for summary judgment. FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed

3

issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998); *Doe,* 42 F.3d at 443.

Because plaintiffs failed to file a response to defendants' motion for summary judgment, defendants are entitled to summary ruling on the motion – that is, a ruling without the benefit of plaintiffs' response. Plaintiffs' failure to respond, however, does

not automatically result in summary judgment for defendants. *Wienco, Inc. v. Katahn Assoc., Inc.,* 965 F.2d 565, 568 (7th Cir. 1992). Rather, the court must still "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Id.* Accordingly, the court's task is to examine the factual record in this case to determine whether defendants have met their burden of demonstrating a lack of genuine issues of material fact warranting summary judgment in its favor.

III. Analysis

A. § 1983 Claims

As noted above, plaintiffs allege that defendants are liable for excessive force, false arrest, and conspiracy to commit Fourth Amendment violations under 42 U.S.C. § 1983. (DE # 151.) In their brief, defendants argue that plaintiffs have failed to identify how these defendants were involved in the deprivation of plaintiffs' constitutional rights. (*See* DE # 206 at 3-4.) "[I]n order [t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted); *see also Allen v. Wine*, 297 F. App'x 524, 531 (7th Cir. 2008) ("To hold a person liable under § 1983 . . . the plaintiff must prove that the defendant was personally involved in the deprivation of a constitutional right.").

Plaintiffs' excessive force claim alleges that the Hammond officers used excessive force during plaintiffs' arrests. (DE # 151 at 3-6.) Additionally, plaintiffs allege that defendants are liable for excessive force for failing to intervene in other officers' use of

5

excessive force. (*Id.* at 6.) But defendants have presented evidence which shows that they did not actually touch any of the plaintiffs or see any other officer touch any of the plaintiffs. Therefore, defendants have met their initial burden on plaintiffs' excessive force claim, and because plaintiffs have not responded to defendants' motion, they have not shown there is a genuine issue of fact for trial. Thus, defendants are entitled to summary judgment on plaintiffs' excessive force claim.

In Count III of their fourth amended complaint, plaintiffs allege that defendants are liable for false arrest because defendants caused plaintiffs to be arrested without probable cause. (DE # 151 at 7.) Defendants, however, have presented evidence that shows that they were not involved in the investigation or arrest of any of the plaintiffs. (DE # 206 at 2.) And, as mentioned above, "in order [t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Wiseman*, 590 F.3d at 462-63 (citation omitted). Defendants have shown that they had no involvement in the investigation or arrests of the plaintiffs, and have therefore met their initial burden on summary judgment. Because plaintiffs have not responded, they have not shown there is a genuine issue of fact for trial. Therefore, defendants are entitled to summary judgment on plaintiffs' false arrest claim.

In Count V of their fourth amended complaint, plaintiffs allege that defendants are liable for conspiracy to commit Constitutional violations. (DE # 151 at 8.) "To establish a *prima facie* case of civil conspiracy under § 1983, [plaintiffs' must prove] that

the [defendants] had an express or implied agreement to deprive [them of their] constitutional rights, and must further [prove] an actual deprivation of [their] rights arising from overt acts in furtherance of the agreement." *Austin v. Fornoff*, No. 10 CV 1981, 2011 WL 4738316, at *6 (N.D. Ill. Sept. 30, 2011) (citing *Scherer v. Balkema,* 840 F.2d 437, 442 (7th Cir. 1988)). In this case, defendants have presented evidence which shows that they were not a part of the investigation, arrest, or detention of the plaintiffs, and there is no evidence that any of the defendants that are currently moving for summary judgment agreed to deprive plaintiffs of their Constitutional rights. Therefore, defendants have met their initial burden, and because plaintiffs have not responded with evidence that shows there is a genuine issue of fact for trial, defendants are entitled to summary judgment on plaintiffs' civil conspiracy claim.

**B. State Claims**

Plaintiffs also bring state-law claims of false arrest and malicious prosecution against defendants. (DE # 151.) Defendants have failed to address or even mention plaintiffs' state-law claims, and "[i[t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986). Therefore, defendants' motion for summary judgment will be denied as it relates to plaintiffs' state-law claims.

**C. RULE 54(b)**

Defendants have also requested that the court issue a final judgment under FED. R. CIV. P. 54(b). (DE # 205.) Under FED. R. CIV. P. 54(b):

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b). Because plaintiffs' state-law claims against defendants remain pending, and because plaintiffs' federal claims remain pending against other defendants, a certification under RULE 54(b) at this stage of the litigation would be improper. MOORE'S FED. PRACTICE 3d, § 54.22[2][a] ("Not only must the judgment be final under § 1291, but the judgment must also dispose of one or more of multiple claims, or all of the claims against one or more of multiple parties.").

## IV. Conclusion

For the foregoing reasons, Randolph Chavez, Michael R. Danko, Karl Eidam, Keith Markert, John R. Murks, James Onohan, and Charles J. Turner, Jr.'s motion for summary judgment is **GRANTED** as it relates to plaintiffs' federal § 1983 claims, and **DENIED** as it relates to plaintiffs' state-law claims. (DE # 205.)

**SO ORDERED.**

Date: July 8, 2013

                                                 s/James T. Moody
                                                 JUDGE JAMES T. MOODY
                                                 UNITED STATES DISTRICT COURT