UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROY GOODMAN JR., ROY GOODMAN III, )
RENEE GOODMAN, RENIECE GOODMAN,)
                                               )
        **Plaintiffs,**           )
                                               )
        v.                 )        **No. 2:09 CV 355**
                                               )
**ADAM CLARK,** *et al.*,         )
                                               )
        **Defendants.**        )

## OPINION and ORDER

This matter is before the court on defendants Donald Kalina and Stephanie

Holloway's[1] motion for summary judgment. (DE # 198.) Plaintiffs have not responded

to this motion, and the time to do so has now passed. For the following reasons, Kalina

and Holloway's motion for summary judgment is granted in part and denied in part.

I.      **Factual and Procedural Background**

In their fourth amended complaint (DE # 151), plaintiffs allege that on or about

December 28, 2007, federal agents and members of the Hammond Police Department

entered plaintiffs' home, aided by the use of sound grenades and smoke bombs.

Plaintiffs further allege that they were arrested, and that charges were brought against

plaintiff Roy Goodman, Jr. by the Hammond Officers, despite the Hammond Officers

---

[1] Defendant Donald Kalina is incorrectly identified in plaintiffs' fourth amended
complaint as "Officer Donald" and "Officer Kalin." (DE # 151.) Defendant Stephanie
Holloway is incorrectly identified in plaintiffs' fourth amended complaint as "Officer
Stephanie" and "Officer Holloway." (*Id.*) Neither Kalina nor Holloway are police
officers. (*See* DE # 199-1 at 2; DE # 199-2 at 2.)

lacking probable cause. Defendants Kalina and Holloway are listed as Hammond

Officers in plaintiffs' fourth amended complaint. (DE # 151 at 2.) In their fourth

amended complaint, plaintiffs bring the following claims against the Hammond

Officers: Excessive force (Count I), false arrest (Count III), and conspiracy to commit

Constitutional violations (Count V) under 42 U.S.C. § 1983, and state-law claims of false

arrest (Count IV) and malicious prosecution (Count VII). (*Id.* at 6-9.)

In their brief in support of their motion for summary judgment, defendants

Kalina and Holloway have submitted a statement of material facts (DE # 199 at 2),[2]

which reveals that defendants Kalina and Holloway are not Hammond Police Officers,

but are in fact civilian employees of the City of Hammond (*Id.* at 2-3.) Both Kalina and

Holloway are police radio dispatchers. (*Id.*)

Defendant Holloway was not involved in any law enforcement activities on or

about December 28, 2007 involving any of the plaintiffs. (*Id.* at 2.) She did not

participate in the execution of the search warrant at plaintiffs' residence (*id.*), she was

not involved in the investigation or arrest of the plaintiffs (*id.*), she was not involved in

plaintiffs' detention at the Hammond Police Department (*id.*), and she has never

deployed any flash bang grenades at plaintiffs' home (*id.* at 3). Defendant Holloway had

no contact with plaintiffs at plaintiffs' home or the Hammond Police Department in

regard to any of the allegations plaintiffs have raised in their fourth amended

---

[2] Because plaintiffs have not responded to defendant Kalina and Holloways'
motion for summary judgment, these facts are deemed admitted for purposes of
defendants'motion. FED. R. CIV. P. 56(e)(2).

complaint. (*Id.*) Defendant Holloway has no personal knowledge of any of the events alleged in plaintiffs' fourth amended complaint. (*Id.*)

Defendant Kalina did not participate in any law enforcement activities involving plaintiffs on or about December 28, 2007. (*Id.*) Defendant Kalina did not participate in the execution of the search warrant at plaintiffs' house. (*Id.*) He was not involved in the investigation, arrest, or detention of any of the plaintiffs. (*Id.*) On December 28, 2007, defendant Kalina was simply at work performing his duties as a police radio dispatcher for the City of Hammond. (*Id.*) Defendant Kalina has never deployed any flash bang grenades at plaintiffs' home. (*Id.* at 4.) Defendant Kalina did not have any contact with plaintiffs at plaintiffs' home or the Hammond Police Department in regard to the events alleged in plaintiffs' fourth amended complaint. (*Id.*) Defendant Kalina has no personal knowledge of any of the events alleged in plaintiffs' fourth amended complaint. (*Id.*)

Defendants Kalina and Holloway have now moved for summary judgment on several of plaintiffs' claims.

II.     **Legal Standard**

Defendants have moved for summary judgment. FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed

issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998); *Doe,* 42 F.3d at 443.

Because plaintiffs failed to file a response to defendants' motion for summary judgment, defendants are entitled to summary ruling on the motion – that is, a ruling without the benefit of plaintiffs' response. Plaintiffs' failure to respond, however, does

not automatically result in summary judgment for defendants. *Wienco, Inc. v. Katahn Assoc., Inc.,* 965 F.2d 565, 568 (7th Cir. 1992). Rather, the court must still "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Id.* Accordingly, the court's task is to examine the factual record in this case to determine whether defendants have met their burden of demonstrating a lack of genuine issues of material fact warranting summary judgment in its favor.

## III.    Analysis

### A. § 1983 Claims

As noted above, plaintiffs allege that defendants Kalina and Holloway are liable for excessive force, false arrest, and conspiracy to commit Constitutional violations under 42 U.S.C. § 1983. (DE # 151.) In their brief, defendants Kalina and Holloway argue that plaintiffs have failed to identify how they were involved in the deprivation of plaintiffs' constitutional rights. (*See* DE # 199 at 4-5.) "[I]n order [t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted); *see also Allen v. Wine*, 297 F. App'x 524, 531 (7th Cir. 2008) ("To hold a person liable under § 1983 . . . the plaintiff must prove that the defendant was personally involved in the deprivation of a constitutional right."). Defendants Kalina and Holloway have submitted evidence which shows that they did not participate in, or even have knowledge of, the alleged events that provide the basis for plaintiffs' fourth amended complaint. Thus, defendants Kalina and Holloway have met

their initial burden on summary judgment. Because plaintiffs have not filed a response, they have not shown there is a genuine issue of fact for trial, and defendants Kalina and Holloway are entitled to summary judgment on plaintiffs' § 1983 claims.

**B. State Claims**

Plaintiffs also bring state-law claims of false arrest and malicious prosecution against defendants Kalina and Holloway. (DE # 151.) Defendants Kalina and Holloway have failed to address or even mention plaintiffs' state-law claims, and "[i[t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986). Therefore, defendants Kalina and Holloway's motion for summary judgment will be denied as it relates to plaintiffs' state-law claims.

**C. RULE 54(b)**

Defendants Kalina and Holloway have also requested that the court issue a final judgment under FED. R. CIV. P. 54(b). (DE # 198.) Under FED. R. CIV. P. 54(b):

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b). Because plaintiffs' state-law claims against defendants Kalina and Holloway remain pending, and because plaintiffs' federal claims remain pending against other defendants, a certification under RULE 54(b) at this stage of the litigation would be improper. MOORE'S FED. PRACTICE 3d, § 54.22[2][a] ("Not only must the

judgment be final under § 1291, but the judgment must also dispose of one or more of multiple claims, or all of the claims against one or more of multiple parties.").

## IV.    Conclusion

For the foregoing reasons, Donald Kalina and Stephanie Holloway's motion for summary judgment is **GRANTED** as it relates to plaintiffs' federal § 1983 claims, and **DENIED** as it relates to plaintiffs' state-law claims. (DE # 198.)

<strong>SO ORDERED.</strong>

Date: July 8, 2013

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT