IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROY GOODMAN JR., et al.,  )
                          )
Plaintiffs,               )
                          )
v.                        )   Cause No. 2:09-cv-355-JTM-APR
                          )
AGENT ADAM CLARK, et al., )
                          )
Defendants.               )

OPINION AND ORDER

This matter is before the court on the Motion to Limit Scope of Discovery [DE213] filed by the Federal Defendants on April 11, 2013, and the Motion of the "Hammond Defendants" to Limit Scope of Discovery [DE 214] filed on April 17, 2013. For the following reasons, the motions are **DENIED.**

Background

This matter arises out of a search and seizure that federal agents and members of the Hammond Police Department conducted on the plaintiffs' home on December 28, 2007. The plaintiffs allege that the defendants used excessive force by employing sound grenades and smoke bombs prior to entering their home to execute a search warrant and by shoving, grabbing, and using restraints on the plaintiffs. The plaintiffs further alleged that the defendants arrested them despite the fact that they had not violated any law. The plaintiffs also complained that the Hammond Officers, Calumet Officers, and federal agents conspired to cause damage to the plaintiffs by agreeing falsely to arrest them, agreeing falsely to institute criminal proceedings against Roy Goodman, Jr., agreeing not to report each other after witnessing or using excessive

1

force, agreeing not to report each other after falsely arresting or charging the plaintiffs, and generating false documentation to cover up their own and each others' misconduct.

The Federal Defendants filed a motion to dismiss on December 30, 2010. The court granted the motion, and gave the plaintiffs leave to file an amended complaint with respect only to Count I, excessive force, and Count VIII, conspiracy related to the allegations of excessive force. The court limited the excessive force claims to the use of flash-bang grenades because it determined that the defendants had qualified immunity for their other means of force. All other claims were dismissed against the Federal Defendants without leave to amend.

The plaintiffs filed a Fourth Amended Complaint on August 25, 2011. The Federal Defendants moved to strike the Fourth Amended Complaint, but their motion was denied. The plaintiffs then served interrogatories on the Federal Defendants. The defendants responded by filing the present motions, asking the court to limit discovery that can be served on the Federal Defendants to issues involving the excessive force claims regarding flash-bang devices and to order that the Federal Defendants cannot be subject to discovery regarding the malicious prosecution claim against the Hammond Police Officers.

Discussion

Federal Rule of Civil Procedure 26(b)(2)(C) states that the court "must limit the frequency or extent of discovery otherwise allowed by these rules .. . if it determines that . . .the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Generally, the burden "rests upon the objecting party to show why a particular discovery request is improper."

*Gregg v. Local 305 Ibew*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(citing *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted). *See also,* **Hunt v. DaVita, Inc**., 680 F.3d 775, 780 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL

3

1617085, *1 (N.D. Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see also* **Adams v. Target***,* 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); **Shapo v. Engle***,* 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

The Federal Defendants ask the court to limit the type of discovery that may be served upon them to that related to the excessive force claims regarding the flash bang devices. The Federal Defendants argue that the court should impose this limitations because the district court granted their motion to dismiss, limiting the claims against them to the excessive force arising from flash-bang grenades and the conspiracy to use excessive force. However, in the Fourth Amended Complaint, the plaintiffs allege that the Hammond Officers used excessive force by employing the flash-bang grenades and struck and grabbed the plaintiffs despite the fact that the plaintiffs had not resisted arrest. Although the district court may have limited the claims against the Federal Agents to excessive force arising out of the use of flash-bang grenades, the claims against the Hammond Officers were not similarly limited. The Federal Defendants were present, so they may have information related to the pending claims. Moreover, the plaintiffs point out that it has not been determined who arrested whom and who used force upon which plaintiff.

At this point, the Federal Defendants hold information that may be relevant to the plaintiffs' claims, and the court does not find that allowing discovery on these issues would be overly burdensome. Rather, the broad scope of discovery allows the plaintiffs to conduct discovery on any non-privileged information that may produce relevant information "to any party's claim or defense." Limiting discovery only to information related to the use of flash-

4

bang grenades would be contrary to the broad scope of discovery. Additionally, the Federal Defendants have not shown good cause for why discovery should be so limited. Their brief lacks any explanation of how responding to the written discovery requests would be overly burdensome or how the burden or expense would outweigh the projected benefit. Furthermore, neither party has submitted the pending discovery requests for the court to review, and the Federal Defendants have not objected to any particular questions. At this time, a broad ban on information that may be relevant to some of the pending claims seems excessive and contrary to the rules on discovery.

The Federal Defendants further argue that they should not be subject to discovery related to the malicious prosecution claim against the Hammond Police Officers. The Federal Defendants site one interrogatory as an example:

> With regard to the Plaintiff's malicious prosecution claim, did you
>     a. participate in any aspect of the investigation as to Roy Goodman, Jr.
>     b. show any photographs of film to any individuals?
>     c. Interview any witnesses who saw the criminal activity which was alleged to have been undertaken by Roy Goodman Jr.'s arrest.

It is the Federal Defendants' position that they do not have to respond because the malicious prosecution claim was not brought against them. Again, discovery extends to the pursuit of information that may be relevant to "any party's claim or defense." The information sought by this interrogatory clearly is relevant to the plaintiffs' malicious prosecution claim. The plaintiffs are entitled to know whether the Federal Defendants participated in the investigation and may have information to help prove that they were maliciously prosecuted by the Hammond Police Officers.

If the Federal Defendants desire to object to specific discovery requests, the court will

consider their challenges at that time, but a broad limitation on discovery that is relevant to the plaintiffs' claims is not warranted under the circumstances. Based on the foregoing, the Motion to Limit Scope of Discovery [DE213] and the Motion of the "Hammond Defendants" to Limit Scope of Discovery [DE 214] are **DENIED.**

ENTERED this 23rd day of August, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge