UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROY GOODMAN JR., ROY GOODMAN III, RENEE GOODMAN, RENIECE GOODMAN, ) ) ) Plaintiffs, ) ) v. ) ) ADAM CLARK, *et al.*, ) ) Defendants. ) | No. 2:09 CV 355 |

## OPINION and ORDER

Several defendants,[*] who filed motions for summary judgment (DE ## 198, 205), which were granted in part and denied in part (DE ## 226, 227), have filed a motion seeking reconsideration of the court's orders on their motions for summary judgment. (DE # 229.) Plaintiffs have not responded to this motion, and the time to do so has now passed. For the following reasons, that motion is denied.

I.  Factual and Procedural Background

In their fourth amended complaint (DE # 151), plaintiffs allege that on or about December 28, 2007, federal agents and members of the Hammond Police Department entered plaintiffs' home, aided by the use of sound grenades and smoke bombs. Plaintiffs further allege that they were arrested, and that charges were brought against

---

[*] Those defendants are Donald Kalina, incorrectly sued as "Officer Donald" and "Officer Kalin," Stephanie Holloway, incorrectly sued as "Officer Stephanie" and "Officer Holloway," Randolph Chavez, Michael R. Danko, Karl Eidam, Keith Markert, John R. Murks, James Onohan, and Charles J. Turner, Jr.. (*See* DE # 218.) The court will refer to these parties as "defendants" for purposes of this order.

plaintiff Roy Goodman, Jr. by the Hammond Officers, despite the Hammond Officers lacking probable cause. In their fourth amended complaint, plaintiffs bring the following claims against defendants: Excessive force (Count I), false arrest (Count III), and conspiracy to commit Constitutional violations (Count V) under 42 U.S.C. § 1983, and state-law claims of false arrest (Count IV) and malicious prosecution (Count VII). (*Id.* at 6-9.)

In separate motions (DE ## 198, 205), defendants moved for summary judgment on plaintiffs' federal claims under Section 1983. The court granted those motions as they related to plaintiffs' federal claims, but because defendants failed to address or even mention plaintiffs' state-law claims in their motions for summary judgment, the court limited its grants of summary judgment to plaintiffs' federal claims. (DE ## 226, 227.) Defendants now seek reconsideration of the court's orders on their previous summary judgment motions, and, specifically, request that the court modify its orders to also grant summary judgment on plaintiffs' state-law claims. (DE # 229.)

II.     **Analysis**

"It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini,* 724 F.3d 965,

2

967 n.1 (2013). In their motion for reconsideration, defendants argue that the court "misapprehended [defendants'] motions by not applying the undisputed material facts to all of plaintiffs' claims . . . ." (DE # 230 at 8.) Defendants go on to explain that "[i]n an effort to reduce the briefing and issues imposed upon the [c]ourt for ruling, the [defendants] did not detail the elements of [plaintiffs'] state law claims or question whether those elements stated a cause of action in the first place." (*Id.* at 9.) Instead, defendants explain, they "attacked the alleged factual predicate for all of [plaintiffs'] claims against them . . . ." (*Id.* (emphasis in original)).

    The court does not find this argument persuasive for several reasons. First, the court did not "misapprehend" defendants' motions. Although, as defendants contend, those motions may have attacked the factual predicate for plaintiffs' state-law claims, defendants did not address, *or even mention*, those claims in their motions. Defendants may have intended to seek summary judgment on plaintiffs' state law-claims, but the court cannot read minds, only briefs, and defendants gave no indication that they believed that the undisputed facts entitled them to summary judgment on plaintiffs' state-law claims.

    Second, defendants' current motion assumes that the court should have, without any prompting from defendants, addressed plaintiffs' state-law claims. But "[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986). Once again, if defendants believed that the undisputed facts

3

entitled them to summary judgment on plaintiffs' state-law claims, they should have used their motions for summary judgment to explain why they believed that to be the case.

Finally, if the court had done what defendants contend it should have done, grant summary judgment on plaintiffs' state-law claims, the court would have essentially been granting summary judgment on those claims sua sponte. Plaintiffs had no notice that the defendants were seeking summary judgment on plaintiffs' state-law claims. The court may grant summary judgment sua sponte "only if [it has] given the affected parties advance notice of [its] intent to do so and a fair opportunity to respond with argument and evidence." *Smith v. Bray*, 681 F.3d 888, 903 (7th Cir. 2012). The court did not follow that process here, and the grant of summary judgment on plaintiffs' state-law claims would have been inappropriate in this case.

### III.   Conclusion

As noted above, the a motion to reconsider is only appropriate in very limited circumstances, *Broaddus*, 665 F.3d at 860, none of which are present in this case. Defendants' motion to reconsider is therefore **DENIED**. (DE # 229.) No dispositive motion deadline has been set in this case. Defendants are free to file motions for summary judgment on plaintiffs' state-law claims.

**SO ORDERED.**

Date: October 22, 2013

       s/ James T. Moody
      JUDGE JAMES T. MOODY
      UNITED STATES DISTRICT COURT