UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROY GOODMAN, JR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2-09-CV-355 |
| | ) | |
| AGENT CHRISTOPHER SOYEZ., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Compel Federal Defendants' Answers to Plaintiffs' Supplemental Interrogatories [DE 257] filed on January 10, 2014; the Motion for Leave to File a Response [DE 258] filed by the plaintiffs on January 10, 2014; the Motion to Stay Prosecution of Defendants' Motion for Summary Judgment [DE 271] filed by the plaintiffs on February 24, 2014; the Motion to Extend the Discovery Closure Date [DE 272] filed by the plaintiffs on February 27, 2014; and the Motion to Compel [DE 282] filed by the plaintiffs on March 28, 2014.

For the following reasons, the Motion to Compel Federal Defendants' Answers to Plaintiffs' Supplemental Interrogatories [DE 257] is **DENIED AS MOOT**; the Motion for Leave to File a Response [DE 258] is **DENIED**; the Motion to Stay Prosecution of Defendants' Motion for Summary Judgment [DE 271] is **DENIED**; the Motion to Extend the Discovery Closure Date [De 272] is **DENIED**; and the Motion to Compel [DE 282] is **DENIED**.

*Background*

This matter arises out of a search and seizure that federal agents and members of the Hammond Police Department conducted on the plaintiffs' home on December 28, 2007. The plaintiffs allege that the defendants used excessive force by employing sound grenades and smoke bombs prior to entering their home to execute a search warrant and by shoving, grabbing, and using restraints on the plaintiffs. The plaintiffs further allege that the defendants arrested them despite the fact that they had not violated any law. The plaintiffs also complain that the Hammond officers, Calumet City officers, and federal agents conspired to cause damage to the plaintiffs by agreeing falsely to arrest them, agreeing falsely to institute criminal proceedings against Roy Goodman, Jr., agreeing not to report each other after witnessing or using excessive force, agreeing not to report each other after falsely arresting or charging the plaintiffs, and generating false documentation to cover up their own and each others' misconduct.

The federal defendants filed a motion to dismiss on December 30, 2010. The district court granted the motion and gave the plaintiffs leave to file an amended complaint with respect only to Count I, excessive force, and Count VIII, conspiracy related to the allegations of excessive force. The district court limited the excessive force claims to the use of flash-bang grenades because it determined that the defendants had qualified immunity for their other means of force. All other claims were dismissed against the federal defendants without leave to amend.

Following the district court's ruling, the federal defendants asked the court to limit the scope of discovery that may be served upon them to that related to the excessive force claims regarding the flash bang device. The court denied the federal defendants' motion, explaining

that discovery extends to the pursuit of information that may be relevant to "any party's claim or defense."

On January 10, 2014, the plaintiffs moved the court to compel the federal defendants to answer interrogatory requests related to their malicious prosecution claims. The federal defendants objected but later filed a notice which stated that they were supplementing their response.

Over the course of discovery, the plaintiffs also learned that the defendants had pictures from the event that gave rise to this action. The defendants turned over the thumbnail images, but the plaintiffs now move to compel production of the electronic files containing the images.

On June 4, 2013, and August 9, 2013, some of the defendants filed a motion for summary judgment. On August 23, 2013, the district court set a briefing schedule for dispositive motions. The order stated that the plaintiffs were to respond to all pending motions by October 11, 2013, and that the defendants were to reply by October 31, 2013. On October 11, 2013, the plaintiffs filed a response. However, the plaintiffs did not respond to the substantive arguments in the defendants' motion and instead asked for additional time to conduct discovery under Federal Rule of Civil Procedure 56(d). The plaintiffs made no effort to conduct depositions prior to making this request, explaining that they were awaiting the federal defendants' response to several discovery requests so that they could identify the individual defendants' involvement in the incident. The plaintiffs did not file a separate motion seeking such relief.

On February 27, 2014, the plaintiffs filed a motion for an extension of time to complete discovery so that they could conduct depositions of the all of the defendants. The federal defendants objected because they provided initial disclosures that included the FBI reports that

summarized the investigative activity related to the shooting and robbery. The report stated the name of every officer and agent involved in the investigation. It is the defendants' position that the plaintiffs had sufficient information to identify which agents were involved and to proceed with the depositions, and that their failure to do so does not warrant further delay with respect to the pending motions for summary judgment.

Some of the Hammond defendants also filed a motion for partial summary judgment [DE 265] on February 6, 2014. On February 24, 2014, the plaintiffs moved to stay prosecution of the defendants' motion for partial summary judgment so that they could conduct additional discovery. Several of the defendants who joined the motion for partial summary judgment were terminated on July 8, 2013. The remaining defendants were dismissed pursuant to a joint stipulation the parties filed on May 1, 2014.

The Hammond defendants also filed a motion to dismiss on November 8, 2013. On November 22, 2013, the plaintiffs filed a motion for extension of time to file a response to the defendants' motion to dismiss. Their motion was granted, and the plaintiffs were given until December 2, 2013, to file a response. The plaintiffs did not file a timely response, and the defendants moved for summary ruling. This court issued a Report and Recommendation, recommending that the motions for summary ruling be granted but that the motions to dismiss be denied. The plaintiffs now move to file their response to the Hammond Defendants' motion to dismiss instanter.

*Discussion*

The plaintiffs first move the court to compel the federal defendants to answer

interrogatory requests related to the plaintiffs' malicious prosecution claims.[1] The federal defendants first objected to the plaintiffs' motion to compel, but on February 11, 2014, they filed a notice that they were supplementing their response to Interrogatory No. 5. For this reason, the plaintiffs' motion to compel [DE 257] is **DENIED AS MOOT**.

The plaintiffs next request leave to file a response to the Hammond defendants' motion to dismiss. The plaintiffs' response was due on or before November 21, 2013. The parties filed an agreed motion to extend the deadline for the plaintiffs to respond until December 2, 2013. The court granted the parties' motion. The plaintiffs did not file a response by this date, and on December 13, 2013, the federal defendants filed a motion for summary ruling based on the plaintiffs' failure to respond to the pending motion to dismiss. On January 10, 2014, almost a month after the federal defendants filed their motion for summary ruling, the plaintiffs filed the instant motion for leave to file their response instanter.

Federal Rule of Civil Procedure 16(b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the court. *See also **Campania Management Co., Inc., v. Rooks, Pitts & Poust***, 290 F.3d 843, 851 (7th Cir. 2002); ***Briesacher v. AMG Resources, Inc.***, 2005 WL 2105908 at *2 (N.D. Ind. Aug.31, 2005). Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." ***Tschantz v. McCann***, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

The only reason the plaintiffs offer for failing to file their response timely is that they

---

[1] The plaintiffs did not file a separate certification that they conferred in good faith or attempted to confer in good faith with the federal defendants as required by Northern District of Indiana Local Rule 37-1. Their motion could be denied on this basis alone.

5

sought an extension and were waiting on the court's ruling. However, the court granted the agreed extension three days after it was filed and extended the plaintiffs' deadline to respond until December 2, 2013. *See* DE 253. In their brief, the plaintiffs refer to their November 29, 2013 reply brief in support of their motion to extend the time to conduct their depositions. *See* DE 254. The plaintiffs argue that they sought a 21 day extension of time to respond to the motion to dismiss in this reply brief. However, the plaintiffs stated only that their response to the motion to dismiss would be forthcoming and did not request such relief. Regardless, Northern District of Indiana Local Rule 7-1 states that motions must be filed separately. The plaintiffs did not make this request by a separate motion and took no action until nearly a month after the defendants requested a summary ruling on their motion to dismiss. The plaintiffs have offered no reason for this significant delay. The plaintiffs have failed to show good cause for failing to respond to the defendants' motion by December 2, 2013. Moreover, the court already has issued a Report and Recommendation, which recommends that the motion to dismiss be denied. It would be futile to permit the plaintiffs to file a response at this stage. For these reasons, their Motion for Leave to File a Response [DE 258] is **DENIED**.

The plaintiffs next move to stay the defendants' motion for partial summary judgment [DE 265] so that they may conduct additional discovery. Several of the defendants who joined the motion for partial summary judgment were terminated on July 8, 2013. The remaining defendants were dismissed pursuant to a joint stipulation the parties filed on May 1, 2014. None of the parties who filed the motion for partial summary judgment remain. Therefore, the plaintiffs' motion to stay [DE 271] is **DENIED AS MOOT**.

The plaintiffs also requested to extend the discovery deadline. The plaintiffs argue that

discovery was delayed by the federal defendants' motion to limit discovery, which was denied on April 11, 2013. Having received additional discovery from the defendants following the court's ruling, the plaintiffs now request additional time to conduct the defendants' depositions. The defendants respond that the plaintiffs have not demonstrated good cause for their delay in conducting discovery and further argue that it is unnecessary to conduct 30 depositions.

At this time, there are two motions for summary judgment that remain pending against the plaintiffs. The plaintiffs failed to file a timely response to the motion for summary judgment filed by Roger Cardwell and Brian Campos [DE 221]. With regard to the motion for summary judgment filed on August 5, 2013 [DE 231], the plaintiffs filed a response, in which they stated that they needed additional time under Federal Rule of Civil Procedure 56(d) to conduct discovery and respond. However, the plaintiffs did not file a separate motion requesting this relief. *See* **Local Rule 7-1** (explaining that motions must be filed separately)**.** Because the motions for summary judgment remain pending, the court will evaluate whether the plaintiffs should be granted leave to conduct additional discovery under Rule 56(d).

Rule 56(d) states, "If a party opposing the motion shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[2] In order to succeed on a Rule 56(d) Motion, the plaintiff must identify the specific evidence which would create a genuine issue of

---

[2] Federal Rule of Civil Procedure 56 was amended in 2010. Subsection (d) was carried forward without substantial change from prior subdivision (f). FED. R. CIV. P. 56 Advisory Committee Notes. Therefore, some of the cases the court cites may refer to Rule 56(f), but the current Rule 56(d) analysis is the essentially the same.

fact. *American Needle, Inc v. National Football League*, 538 F.3d 736, 740 (7th Cir. 2008) (overturned on other grounds). "Summary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion.'" *Chalimoniuk v. Interstate Brands Corporation*, 172 F. Supp.2d 1055, 1057-58 (S.D. Ind. 2001)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). Rule 56(d) is not meant to allow a party to block summary judgment simply by offering generalities about the need for further discovery. *Woods v. City of Chicago*, 234 F.3d 979, 990-91 (7th Cir. 2001). "Rule [56(d)] does not operate to protect parties who are dilatory in the pursuit of discovery." *Allan Block Corp. v. County Materials Corp.*, 588 F.Supp.2d 976, 980 (W.D. Wis. 2008)(citing *Doty v. Illinois Cent. R. Co.*, 162 F.3d 460, 461-62 (7th Cir. 1998)).

A court may grant a Rule 56(d) motion on the grounds that issues of material fact were in dispute and the requesting party deserved the opportunity and benefit of discovery. *See Chalimoniuk*, 172 F. Supp. 2d at 1057-58 (granting Rule 56(d) motion when plaintiff moved for summary judgment before any discovery had taken place). Likewise, when issues material to the outcome of the matter are in question, the full benefit of discovery is deserved. *Chalimoniuk*, 172 F. Supp. 2d at 1059.

However, a court may deny a Rule 56(d) motion when a party fails to pursue discovery in the allotted time frame. *See Allen Block Corporation v. County Materials Corporation*, 588 F. Supp.2d 976, 980-81 (W.D. Wis. 2008) ("It would be . . . inappropriate to continue trial to permit yet another period of discovery when plaintiff has failed to take full advantage of two lengthy opportunities for discovery."). *See also Hu v. Park National Bank*, 333 Fed. Appx. 87, 89-90

8

(7th Cir. 2009) (affirming denial of Rule 56(d) motion because the plaintiff "did nothing during discovery" and waited until two months after Park National Bank had filed its motion for summary judgment to ask for additional time for discovery). Likewise, a court may deny a Rule 56(d) motion because the requesting party fails to identify with specificity the evidence it may have obtained with the additional discovery that would create a genuine issue of material fact. *See* **American Needle Inc. v. National Football League**, 538 F.3d 736, 740 (7th Cir. 2008) (affirming district court's denial of Rule 56(d) motion). In short, the moving party must show: (1) good cause for the discovery delays; (2) the specific discovery that is necessary to prepare a response to the motion for summary judgment; and (3) that the additional discovery will give rise to a genuine issue of material fact. **Bernegger v. Gray & Associates LLP**, 2009 WL 3148723, *3 (E.D. Wis. 2009).

The plaintiffs' motion fails on multiple accounts. First, they have failed to show why they did not conduct the depositions within the allotted time frame. Discovery has been ongoing since November 2012. Although the plaintiffs argue that they were waiting on production of some evidence that the federal defendants turned over after the court ruled on the defendants' motion to limit discovery, they made no attempt to show why it was necessary to wait for the evidence to conduct the depositions. Although the court did note in its order that this evidence the federal defendants were withholding was relevant, the plaintiffs have not argued that they could not take a meaningful deposition without it. In fact, the plaintiffs' counsel stated that he did not know the photos even existed until Roy Goodman's deposition was conducted, yet he has failed to show why he did not take any depositions prior to February 2014.

The defendants characterize the discovery as being of little importance, arguing that they

9

supplemented their response to one interrogatory and provided 26 views of the exterior of the house, 4 photos of the warrants issued related to the search, 3 photos of Roy Goodman Jr., and 1 photo of each remaining plaintiff. If this is true, which the plaintiffs do not dispute, it is even less clear why the depositions could not have been conducted at an earlier time. The plaintiffs have failed to show how this information was new and impacted their decision on when to take depositions.

Furthermore, the plaintiffs have failed to show the specific discovery they intend to conduct and how it will impact their ability to respond to the pending motions for summary judgment, specifically in light of the fact that they did not file a timely Rule 56(d) motion or response brief, nor have they requested leave to file a belated response. Because the plaintiffs already have missed their opportunity to respond, it does not appear that additional discovery would be beneficial.

Finally, even if the plaintiffs were permitted to file a response, they have not given the court any indication on how the proposed discovery would create a genuine issue of material fact. In fact, the plaintiffs have not even identified which individuals they intend to depose or what information they intend to illicit. The plaintiffs' motion is void of any reason why the depositions are necessary, and they have failed to satisfy their burden. For these reasons, the plaintiffs' Motion to Extend the Discovery Closure Date [DE 272] is **DENIED**.

The plaintiffs also move to compel the defendants to produce electronic images of the scene. Federal Rule of Civil Procedure 37 requires that a motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person failing to make disclosure or discovery in an effort to

obtain it without court action." **Rule 37(a)(1).** Local Rule 37-1 requires that such certification reciting the date, time, and place of the conference or attempted conference and the names of all persons participating "shall be made in a separate document filed contemporaneously with the motion." **L.R. 37-1(c).** Here, the Motion to Compel [DE 282] does not comply with the certification requirements and is therefore **DENIED**.

ENTERED this 28th day of May, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge