UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROY GOODMAN JR., ROY GOODMAN III, )
RENEE GOODMAN, RENIECE GOODMAN,)
)
      **Plaintiffs,**              )
)
      v.                       )      No. 2:09 CV 355
)
**ADAM CLARK**, *et al.*,     )
)
      **Defendants.**          )

## **OPINION AND ORDER**

Plaintiffs Roy Goodman Jr., Roy Goodman III, Renee Goodman, and Reniece Goodman ("plaintiffs") have appealed a decision by Magistrate Judge Andrew Rodovich (DE # 294) denying their motion for an extension of time in which to complete discovery. (DE # 297.) Both the Federal Defendants[1] (DE # 298) and the Hammond Defendants[2] (DE # 303) have filed a response to that appeal, and plaintiffs have filed replies to both of the response briefs (DE # 304; DE # 315).[3] For the following reasons, the court affirms Magistrate Judge Rodovich's decision.

---

[1] The Federal Defendants include: Michael Barnes, Mark Becker, Adam Clark, Christopher Crocker, Tyrone Douglas, Daniel Glavach, Robert Hall, Carrie Landau, Ted May, Robert Ramsey, Christopher Soyez, Laura Walker, and Lori Warren.

[2] The Hammond Defendants include: the City of Hammond, Christopher Berdine, Ralph Bogie, Robert Bunner, Raymond Finley, Rudy Grasha, Brian Miller, John Ratajczak, Thomas Strabavy, Patrick Vicari, and Timothy Walczak.

[3] Plaintiffs have also filed a motion to reconsider with Magistrate Judge Rodovich (DE # 299), and the court will consider the arguments made in the briefs submitted with that motion. (DE # 299; DE # 312.)

I.  **Factual and Procedural Background**

The following facts, which plaintiffs have not disputed, are taken from

Magistrate Judge Rodovich's order on plaintiffs' motion for a discovery extension:

> This matter arises out of a search and seizure that federal agents and members of the Hammond Police Department conducted on the plaintiffs' home on December 28, 2007. The plaintiffs allege that the defendants used excessive force by employing sound grenades and smoke bombs prior to entering their home to execute a search warrant and by shoving, grabbing, and using restraints on the plaintiffs. The plaintiffs further allege that the defendants arrested them despite the fact that they had not violated any law. The plaintiffs also complain that the Hammond officers, Calumet City officers, and federal agents conspired to cause damage to the plaintiffs by agreeing falsely to arrest them, agreeing falsely to institute criminal proceedings against Roy Goodman, Jr., agreeing not to report each other after witnessing or using excessive force, agreeing not to report each other after falsely arresting or charging the plaintiffs, and generating false documentation to cover up their own and each others' misconduct.
>
> * * *
>
> Following the district court's ruling [on a motion to dismiss], the federal defendants asked the court to limit the scope of discovery that may be served upon them to that related to the excessive force claims regarding the flash bang device. The court denied the federal defendants' motion, explaining that discovery extends to the pursuit of information that may be relevant to "any party's claim or defense."
>
> * * *
>
> On June 4, 2013, and August 9, 2013, some of the defendants filed a motion for summary judgment. On August 23, 2013, the district court set a briefing schedule for dispositive motions. The order stated that the plaintiffs were to respond to all pending motions by October 11, 2013, and that the defendants were to reply by October 31, 2013. On October 11, 2013, the plaintiffs filed a response. However, the plaintiffs did not respond to the substantive arguments in the defendants' motion and instead asked for additional time to conduct discovery under Federal Rule of Civil Procedure 56(d). The plaintiffs made no effort to conduct depositions prior to making this request, explaining that they were awaiting the federal defendants' response to several discovery requests so that they could identify the individual

2

> defendants' involvement in the incident. The plaintiffs did not file a separate motion seeking such relief.
>
> On February 27, 2014, the plaintiffs filed a motion for an extension of time to complete discovery so that they could conduct depositions of the all of [sic] the defendants. The federal defendants objected because they provided initial disclosures that included the FBI reports that summarized the investigative activity related to the shooting and robbery. The report stated the name of every officer and agent involved in the investigation. It is the defendants' position that the plaintiffs had sufficient information to identify which agents were involved and to proceed with the depositions, and that their failure to do so does not warrant further delay with respect to the pending motions for summary judgment.

(DE # 294 at 2-4.)

Plaintiffs' based their request for additional time in which to complete discovery on three primary justifications. First, plaintiffs argued that the defendants' attorneys had attempted to conceal the identities of the officers or agents that threw concussion grenades into plaintiffs' home and physically abused plaintiffs. (DE # 272 at 1.) Second, plaintiffs argued that additional discovery had recently come to light that warranted a discovery extension so that plaintiffs could depose several defendants. (*Id.* at 2-4.) The evidence consisted of photographs ("the incident photographs") taken at the plaintiffs' home shortly after the search warrant was executed. (*Id.* at 2.) Plaintiffs received the incident photographs in a miniaturized format on the day discovery was set to close. (DE # 297 at 4.) Plaintiffs received the photographs in their full size in April of 2014. (*Id.*) Plaintiffs argued that the incident photographs revealed the identities of the defendants directly involved in injuring plaintiffs. (DE # 272 at 2.)

Finally, plaintiffs argued that their ability to timely complete discovery was prevented by two personal crises suffered by plaintiffs' counsel. (*Id.* at 2-3.) First, in June

3

2013, plaintiffs' counsel's wife attempted suicide, and plaintiffs' counsel was required to care for his two young children by himself. (*Id.*) Second, plaintiffs' counsel's father was diagnosed with cancer in August 2013. (*Id.*) In addition to these very serious personal matters, in October 2013, plaintiffs' counsel had two trials for which he had to prepare. (DE # 297 at 3.)

This case has been proceeding in this court since 2009, and the first discovery deadline was September 6, 2013, as set by agreement of the parties. (DE # 180.) Magistrate Judge Rodovich eventually extended the discovery deadline to February 28, 2014, after learning of plaintiffs' counsel's personal issues. (DE # 234; DE # 297 at 3.) On February 27, 2014, the day before discovery was set to close, plaintiffs moved for an extension of time in which to complete discovery. (DE # 272.) At the time that plaintiffs filed their February 2014 motion to extend discovery, there were two summary judgment motions pending. In responding to one of those motions, plaintiffs requested additional time to pursue discovery under FED. R. CIV. P. 56(d). (DE # 236.) Because plaintiffs requested additional time in which to respond to one of the pending motions for summary judgment under FED. R. CIV. P. 56(d), Magistrate Judge Rodovich treated plaintiffs' motion for additional discovery filed in February 2014 as a motion under FED. R. CIV. P. 56(d), which gives the court authority to allow additional discovery when a

nonmovant faced with a summary judgment motion "cannot present facts essential to justify its opposition[.]" FED. R. CIV. P. 56(d).[4] (DE # 294 at 7.)

Magistrate Judge Rodovich denied plaintiffs' request on May 28, 2014 (DE # 294) for several reasons. First, Magistrate Judge Rodovich noted that plaintiffs had failed to explain why they did not complete the depositions within the allotted time frame. (*Id.* at 9.) Magistrate Judge Rodovich noted that discovery had been ongoing since November 2012, and although plaintiffs contended that they were waiting on some evidence produced after the court ruled on defendants' motion to limit discovery, plaintiffs did not explain why it was necessary to have that information before conducting defendants' depositions. (*Id.* at 9.) Magistrate Judge Rodovich went on to point out that plaintiffs had failed to show how additional discovery would assist them in this case, as they had neither responded to the pending motions for summary judgment nor sought leave to file a belated response. (*Id.* at 9-10.) Finally, Magistrate Judge Rodovich noted that plaintiffs had not identified who they intended to depose and what information they sought to elicit. (*Id.* at 10.)

The denial of plaintiffs' request to extend discovery forms the basis of plaintiffs' appeal currently pending before the court. (DE # 297.) In their appeal, plaintiffs argue that Magistrate Judge Rodovich "misinterpreted the value" of the incident photographs that had been tendered on the discovery closure date because had these photographs

---

[4] Plaintiffs do not take issue with Magistrate Judge Rodovich treating their request for additional discovery as a motion under Rule 56(d).

been tendered earlier they "would have facilitated an easy prosecution by eliminating substantial and unnecessary motion practice and allowing for an immediate understanding as to who to depose and reducing approximately Defendants [sic] to this cause by way of a voluntary dismissal of same." (DE # 297 at 1, 4.) Plaintiffs contend that if "these photographs were tendered earlier, Plaintiffs would have simply deposed the officers who are witnesses as touching and arresting the Plaintiffs[.]" (*Id.* at 4.)

The incident photographs show officers leading plaintiff Roy Goodman, Jr. outside of plaintiffs' house, presumably to be put into a squad car. (DE # 297-4 at 2; DE # 303-2 at 12-14.) The Hammond officers in the photos, defendants Grasha and Finley (DE # 297 at 4-5), can be seen escorting Goodman, Jr. to the squad car, and have their hands on his arm.[5] (DE # 303-2 at 12-14.) Based on these pictures, defendants seek to extend discovery to depose Grasha and Finley. (DE # 297 at 5.) Plaintiffs also seek to depose any additional defendants identified by Grasha and Finley as having had physical contact with plaintiff. (*Id.*)

Both the Federal Defendants (DE # 298) and the Hammond Defendants (DE # 303) have responded to plaintiffs' appeal of Magistrate Judge Rodovich's opinion. Both groups of defendants recognize the seriousness of the personal matters that plaintiff experienced in 2013, but also point out that these issues were only ongoing for a small portion of the time that discovery was ongoing. (DE # 298 at 3; DE # 303 at 10.)

---

[5] One of the photos may also show another plaintiff being handcuffed inside the home. (DE # 297-2 at 2.)

Additionally, both groups of defendants note that plaintiffs have failed to explain why they failed to depose any defendant prior to the close of discovery. (DE # 298 at 3; DE # 303 at 10.)

## II.     Legal Standard

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 72(a), when a party objects to a ruling of a magistrate judge, a district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The district court reviews the magistrate judge's factual findings under the "clear error" standard and his legal determinations under the "contrary to law" standard. *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, No. 3:08-cv-490, 2010 WL 3119487, at *2 (N.D. Ind. Aug. 5, 2010).

The United States Court of Appeals for the Seventh Circuit has articulated that the clear error standard "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Under a clear error standard a district court cannot reverse the decision of a magistrate judge simply because the district judge would have decided the case differently. *See Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006). Clear error is an "extremely deferential standard of review,"*id.*, and deference is particularly appropriate where, as here, the magistrate judge "has managed the case from the outset and developed a thorough knowledge of the proceedings." *Vision Ctr. Nw., Inc. v. Vision*

*Value, LLC*, No. 3:07-cv-183, 2008 WL 5191456, at *1 (N.D Ind. Dec. 10, 2008) (unpublished) (internal quotations omitted). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Heartland,* 2010 WL 3119487, at *2 (internal quotations omitted).

### III. Analysis

Under RULE 56(d),[6] a party opposing summary judgment may move for additional time to conduct discovery if that party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" A motion for additional discovery under RULE 56(d) "must (1) be presented in a timely manner; (2) show good cause for the failure to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the sought facts, if found, will influence the outcome of the pending motion for summary judgment." *Brehmer v. Dittman*, No. 13–C–0888, 2014 WL 3404977, at *4 (E.D. Wis. July 10, 2014) (citing *Adorno v. Crowley Towing And Transp. Co.*, 443 F.3d 122, 127 (1st Cir. 2006)) (internal quotations omitted). The Seventh Circuit has routinely affirmed district courts' refusals to allow

---

[6] As noted earlier, because there were several motions for summary judgment pending at the time that plaintiffs filed their request for additional discovery, Magistrate Judge Rodovich treated plaintiffs' request to extend discovery as a request for additional discovery under RULE 56(d). (DE # 294 at7; DE # 221; DE # 231.) Additionally, plaintiffs, in response to one of the motions for summary judgment, requested additional discovery under RULE 56(d). (DE # 236 at 2.) Plaintiffs do not argue that Magistrate Judge Rodovich applied the incorrect standard when he treated their request for additional discovery as a motion under RULE 56(d).

additional discovery under RULE 56(d) when parties have not been diligent in completing discovery in the time allowed. *Grayson v. O'Neill,* 308 F.3d 808, 815–16 (7th Cir. 2002); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000); *Pfeil v. Rogers*, 757 F.2d 850, 856-57 (7th Cir. 1985).

In this case, Magistrate Judge Rodovich found that plaintiffs had not been diligent during the discovery period. Specifically, he noted that plaintiffs had failed to explain why "they did not conduct the depositions within the allotted time frame." (DE # 294 at 9.) Magistrate Judge Rodovich pointed out that discovery had been ongoing since November 2012, and although plaintiffs were waiting on the production of evidence part of the discovery period, plaintiffs had made no argument that they needed that evidence to conduct defendants' depositions. (*Id.*) Additionally, Magistrate Judge Rodovich noted that plaintiffs' counsel did not even know about the incident photographs until discovery was set to close, so plaintiffs' failure to depose defendants could not have been the result of plaintiffs waiting for the incident photographs to be produced. (*Id.*)

In their appeal of Magistrate Judge Rodovich's order, plaintiffs take the position that if the incident photographs (DE # 303-2 at 12-14) had been tendered earlier, they "would have simply deposed the officers who are witnesses as touching and arresting the Plaintiffs[.]" (DE # 297 at 4.) Plaintiffs argue that Magistrate Judge Rodovich "may not have appreciated the value" of the photographs to the plaintiffs, because the photographs identified two defendants as having contact with plaintiffs. (*Id.* at 4-5.)

9

The problem with this argument, as Magistrate Judge Rodovich correctly identified in his order, is that plaintiffs have failed to argue "that they could not take a meaningful deposition without [the photographs,]" (DE # 294 at 9), and it is not clear to the undersigned district court judge why plaintiffs needed the incident photographs to depose any of the defendants. Plaintiffs have known since 2011 that the Hammond Defendants, including defendants Finley and Grasha, were at the scene of the incident. In their answer to plaintiffs' fourth amended complaint, the Hammond Defendants admitted that they assisted the FBI with the execution of the search warrant at plaintiffs' home.[7] (DE # 152 at 3-4.)

Moreover, while the photographs do reveal that defendants Finley and Grasha had some physical contact with plaintiffs, there is nothing in the photographs that would indicate that either defendant committed any act against plaintiffs for which he would be liable for excessive force. *Legg v. Pappas,* 383 F. App'x 547, 550-51 (7th Cir. 2010) (no excessive force when police escorted plaintiff from house to squad car); *see also Mayard v. Hopwood,* 105 F.3d 1226, 1227-28 (8th Cir. 1997) (no excessive force when officers escorted plaintiff to squad car with hand on her arms). Additionally, plaintiff Goodman, Jr. admitted in his deposition that he was not physically abused in any way

---

[7] Additionally, the Hammond Defendants, in their response brief, assert that their counsel "identified for the Plaintiffs more than fifteen (15) months ago those [Hammond Defendants] who may have had some contact with the Plaintiffs, such as officers Finley and Grasha." (DE # 303 at 5-6.) Although the Hammond Defendants do not support this assertion with any evidence, plaintiffs do not dispute its validity. (DE # 315.)

as he was escorted from the house to the squad car.[8] (Goodman, Jr. Dep. p. 240 lines 8-24; DE # 303-2 at 8.)

This is all to say that the pictures did not reveal any information to plaintiffs that they did not already have. Plaintiffs knew that Finley and Grasha were at the scene, and could have had physical contact with plaintiffs. Plaintiffs had an ample amount of time in which to depose either Finley or Grasha, but never did. And the only explanation that plaintiffs provide for failing to depose these defendants during the time allowed is that plaintiffs' counsel could not complete the depositions due to the personal tragedies and professional obligations that he faced during 2013, noted above.[9] (DE # 297 at 3.)

---

[8] Plaintiffs also point out that they brought false arrest claims against the defendants in this case. (DE # 315 at 1.) Although they do not expressly make this point, their argument appears to be that because these pictures show defendants Finely and Grasha escorting Roy Goodman, Jr. to a squad car, the photographs reveal that Finley and Grasha had a hand in plaintiffs' arrests. But, as noted earlier, plaintiffs knew that defendants Finley and Grasha were at the scene of the incident and plaintiffs have not argued that they could not have deposed these defendants without the photographs. Plaintiffs' argument on this point therefore fails.

[9] Plaintiffs also assert that their counsel "believed Magistrate Judge Rodovich also requested that the parties complete the depositions of Plaintiffs prior to proceeding to the depositions of the individual defendants." (DE # 297 at 3.) Plaintiffs note that they believed Magistrate Judge Rodovich issued this directive during an August 23, 2013 status hearing. (*Id.*) The docket entry outlining the results of that status hearing does not, however, indicate that Magistrate Judge Rodovich requested that plaintiffs' depositions be taken before defendants' depositions. (DE # 234.) Additionally, plaintiffs made no mention of this mistaken belief in their original motion for an extension of discovery in front of Magistrate Judge Rodovich. (DE # 272.) Although they do make this argument in their motion to reconsider (DE # 299 at 5), a motion to reconsider cannot be used to make arguments that could have been made in the original motion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the

While the personal tragedies suffered by plaintiffs' counsel are undoubtedly devastating, this case has been pending before the court since 2009, and the parties had from November of 2012 to February of this year to complete discovery. Plaintiffs' attorney's personal and professional issues did not begin until June of 2013 (DE # 297 at 2), yet plaintiffs provide no explanation for why they did not depose any defendant prior to that point or later in the discovery period. The court has no doubt that plaintiffs' counsel was still dealing with the personal tragedies that he experienced in the summer of 2013 through the discovery period and continues to deal with those tragedies now, but plaintiffs' counsel owed a duty to his clients and this court to continue prosecuting this case in a diligent manner. *See* N.D. IND. LOCAL RULE 83-5(e) ("Indiana's Rules of Professional Conduct . . . govern the conduct of those practicing in the court."); INDIANA RULE OF PROFESSIONAL CONDUCT 1.3 cmt. [2] ("A lawyer's workload must be controlled so that each matter can be handled competently."). If plaintiffs' counsel could no longer effectively prosecute this case, he

---

previous motion."). And plaintiffs' failure to make this argument to Magistrate Judge Rodovich in their original motion (*See* DE # 272; DE # 273; DE # 281; DE # 283.) results in the argument being waived on appeal to the undersigned district court judge. *United States v. Moore,* 375 F.3d 580, 584 fn. 2 (7th Cir.2004); *United States v. Melgar,* 227 F.3d 1038, 1040 (7th Cir. 2000) ("[A]rguments not made before a magistrate judge are normally waived."); *see also Bustillo v. Harvey*, No. 2:13–cv–00120, 2014 WL 2968680, at *2-3 (S.D. Ind. July 2, 2014) (applying rule to Rule 72(a) analysis); *Maxwell v. South Bend Work Release Center*; No. 3:09–CV–008, 2010 WL 4318800, at *2 (N.D. Ind. Oct. 25, 2010) (same).

should have brought on additional counsel or withdrawn and encouraged plaintiffs to seek alternate counsel.

Plaintiffs also argue that the Federal Defendants improperly withheld the incident photographs despite a request for production that plaintiffs tendered in August 2009. (DE # 297 at 5.) The specific request for production that plaintiffs contend covered the incident photographs is Request For Production 12 (DE # 282 at 3; DE # 312 at 2), which stated: "Please produce any and all records, reports, documents or other writings which led to Defendants obtaining any search warrants on December 27, 2007 and the execution of any search warrant on December 28, 2007." (DE 293-1 at 6; *see also* DE # 282-2; DE # 312 at 2.)

In their response brief, the Hammond Defendants argue that the photographs taken at the incident scene were not responsive to this request for production because the photographs did not lead to defendants obtaining or executing any search warrants on the days in question. (DE # 303 at 7.) The Hammond Defendants specifically direct the court to the following italicized language from the request: "Please produce any and all records, reports, documents or other writings *which led to* Defendants obtaining any search warrants on December 27, 2007 and the execution of any search warrant on December 28, 2007." (DE 293-1 at 6 (emphasis added).) In response, plaintiffs argue that the photographs taken at the incident scene would fall under this request because "[d]ocuments can be produced in that they were created in (1) the obtainment of a search warrant; or (2) in the execution of a search warrant." (DE # 312 at 2.)

13

The problem with plaintiffs' argument here is that the actual text of the request does not support their position. First, despite plaintiffs' argument that "[d]ocuments can be produced in that they *were created in* (1) the obtainment of a search warrant; or (2) in the execution of a search warrant[]" (DE # 312 at 2 (emphasis added)), the actual request for production does not call for documents that "were created" in either obtaining or executing the search warrant. Instead, the request for production states: "Please produce any and all records, reports, documents or other writings *which led to* Defendants obtaining any search warrants on December 27, 2007 and the execution of any search warrant on December 28, 2007." (DE # 293-1 at 6 (emphasis added).) The only verb and proposition combination in the request is "led to." There is no language in the request that would support plaintiffs' argument that they had actually requested documents that "were created" during the execution of the search warrant.

Thus, the only way that plaintiffs' interpretation of the request could be correct is if the "led to" language does not apply to the "the execution of any search warrant on December 28, 2007[]" language, and the plaintiffs' suggested "created in" language could be inferred to apply to the language regarding the execution of the search warrant. Given that the only verb and preposition combination in the request is "led to," however, this court cannot logically interpret the request for production in the way that plaintiffs have suggested.

The simplest part of the request is the main verb ("produce") and the main nouns ("records, reports, documents, and other things"). No controversy exists over the

14

meaning of these words. The next word, "which," is a relative pronoun; it introduces a relative phrase, which functions to describe the nouns. In this case, there is only one relative pronoun ("which"), so there can only be one relative phrase, and that phrase constitutes the rest of the sentence. No controversy exists over this, either. However, the next words are "led to," a verb and a preposition. These words precede two subordinate clauses (that is, two clauses which cannot stand alone as English sentences). The clauses are: (1) "Defendants obtaining any search warrants on December 27, 2008"; and (2) "the execution of any search warrant on December 28, 2007." Those clauses are separated by a conjunction, "and." There is no question that both subordinate clauses are linked to the relative pronoun "which," and thus modify or describe the nouns at issue.

The only question is whether the verb and preposition combination "led to" modifies both the first and the second subordinate clauses. In order for plaintiffs' interpretation of this request to make sense, the request must have included an additional verb and preposition combination (such as, perhaps, "created in"). Because the request contains no such language, however, the reader is left to assume that the only other possible verb and preposition combination, in this case "led to," applies to both the first and second subordinate clause. Put very simply, Request No. 12 does not contain all of the necessary words to make plaintiffs' interpretation of that request reasonable, and plaintiffs' argument on this point therefore fails.[10]

---

[10] Additionally, despite plaintiffs' argument that the Federal Defendants withheld the incident photographs (DE # 297 at 3), the Federal Defendants point out in their response brief that defendant Tyrone Douglas noted in a request for admission

15

In sum, plaintiffs have failed to satisfactorily explain their failure to diligently engage in discovery. As Magistrate Judge Rodovich recognized in his order (DE # 294 at 9), plaintiffs have not explained why these photographs were necessary for plaintiffs to effectively depose defendants. While the court sympathizes with the personal issues that plaintiffs' counsel has had to deal with, they did not relieve him of his obligation to prosecute this matter and diligently represent his clients. Moreover, plaintiffs have not shown that the Federal Defendants improperly withheld the photographs at issue. Therefore, the court concludes that Magistrate Judge Rodovich's order denying plaintiffs' request for additional discovery under RULE 56(d) was neither clearly erroneous nor contrary to law. *Grayson,* 308 F.3d at 815–16; *Kalis*, 231 F.3d at 1057 n.5.[11]

---

that he had taken photographs of the plaintiffs at the plaintiffs' home. (DE # 304 at 4; DE # 276-1 at 2.) This information was tendered to plaintiffs in March of 2013. (DE # 304 at 4.)

[11] Although plaintiffs do not argue this point, even if plaintiffs' request for additional discovery should have been treated as a standard discovery extension motion and not as a motion under RULE 56(d), the result would have been the same. "Discovery must have an end point, and the decision to cut off discovery is committed to the management skills of the district court." *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011) (citations and quotations omitted). In this case, despite knowing which defendants were at the incident scene for several years, plaintiffs did not depose any defendant during the initial period of discovery or during the six-month extension that Magistrate Judge Rodovich allowed in August 2013. (DE # 234.) The Seventh Circuit has routinely upheld decisions by district courts to cut off discovery when the party seeking additional discovery had not been diligent in obtaining the desired information in the time originally allowed, *see, e.g.,K.F.P. v. Dane County*, 110 F.3d 516, 520 (7th Cir. 1997) ("[Plaintiff's] failure to even attempt to get at information in the hands of [defendant] undermines any argument in this court that the district court acted precipitously."), and as Magistrate Judge Rodovich correctly found, plaintiffs were not diligent in obtaining information during the time allowed.

## IV. Conclusion

For the foregoing reasons, the court **AFFIRMS** Magistrate Judge Rodovich's order (DE # 294) denying plaintiffs' request for additional time to complete discovery (DE # 272). Additionally, because the court addressed the issues raised in plaintiffs' motion for reconsideration regarding Magistrate Judge Rodovich's decision to deny their request for a discovery extension, that motion is now **DENIED AS MOOT**. (DE # 299.)

**SO ORDERED.**

Date: October 29, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT