UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROY GOODMAN JR., ROY GOODMAN III,  )
RENEE GOODMAN, RENIECE GOODMAN,)
                                  )
      **Plaintiffs,**          )
                                  )
      v.                       )      No. 2:09 CV 355
                                  )
ADAM CLARK, *et al.*,             )
                                  )
      **Defendants.**          )

## OPINION and ORDER

This matter is before the court on defendants Adam Clark, Mark Becker, Robert Hall, Michael Barnes, Tyrone Douglas, Robert Ramsey, Daniel Glavach, Laura Walker, and Ted May's ("the Indiana Federal Defendants") motion for summary judgment. (DE # 231.) Plaintiffs have filed an untimely response to this motion (DE # 236), in which they do not address the merits of the motion, but instead request time for additional discovery under FEDERAL RULE OF CIVIL PROCEDURE 56(d). (*Id.*) The Indiana Federal Defendants have filed a reply to that response. (DE # 239.)

On February 27, 2014, plaintiffs filed a separate motion to extend discovery. (DE # 272.) Because plaintiffs' request for additional discovery under RULE 56(d) in response to the Indiana Federal Defendants' motion for summary judgment was still pending, Magistrate Judge Rodovich treated plaintiffs' request for additional discovery filed in February 2014 (DE # 272) as a request under RULE 56(d), and Magistrate Judge Rodovich denied that request. (DE # 294.) Plaintiffs appealed Magistrate Judge Rodovich's decision denying their request for additional discovery, and the

undersigned district court judge is entering an order affirming that decision simultaneously with this order.

Thus, although Magistrate Judge Rodovich's opinion only addressed plaintiffs' request for additional discovery in DE # 272, because magistrate Judge Rodovich treated that request (DE # 272) as a request for additional discovery under RULE 56(d) in light of plaintiffs' request for additional discovery in DE # 236 (DE # 294 at 7 – plaintiffs' response to the Indiana Federal Defendants' motion for summary judgment), it appears that Magistrate Judge Rodovich (and subsequently the undersigned district court judge) has already impliedly denied plaintiffs' request for additional discovery in DE # 236. To the extent that plaintiffs' request for additional discovery in DE # 236 remains pending, however, that request would still be denied because it was filed too late.

Although there is no set time stated in RULE 56(d) for moving for additional discovery, the Seventh Circuit has held that any request for additional discovery must be made "in an expeditious manner." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000). Plaintiffs' request for additional discovery in order to respond to the Indiana Federal Defendants' motion for summary judgment was filed over two months after the motion for summary judgment was filed and over a month after plaintiffs' response to that motion was due. . (*See* DE # 231; DE # 236); N.D. IND. LOCAL RULE 56-1(b). This request, therefore, was not made "in an expeditious manner." *See id.* (ruling that it was not an abuse of discretion for district court to deny request for

additional discovery when request was filed three months after summary judgment motion was filed and one month after response was due).

In sum, to the extent that plaintiffs' request for additional discovery in DE # 236 was not already denied in Magistrate Judge Rodovich's order denying plaintiffs' request for a discovery extension (DE # 294) or the undersigned district court judge's order affirming that decision, plaintiffs' request for additional discovery in DE # 236 is denied. Because plaintiffs did not file a response to the Indiana Defendant's motion for summary judgment or request additional time in which to respond to that motion, the court will analyze the Indiana Defendants' motion without the benefit of a response from plaintiffs.

I.     **Facts and Procedural History**[*]

In their fourth amended complaint (DE # 151), plaintiffs allege that on or about December 28, 2007, federal agents and members of the Hammond Police Department entered plaintiffs' home, aided by the use of sound grenades and smoke bombs. Plaintiffs further allege that they were arrested, and that charges were brought against plaintiff Roy Goodman, Jr. by the Hammond Officers, despite the Hammond Officers lacking probable cause. On the dates relevant to plaintiffs' complaint, defendants Mark Becker, Daniel Glavach, Robert Hall, Ted May, Robert Ramsey, and Laura Walker were

---

[*] The following facts are taken from the Indiana Federal Defendants' statement of undisputed material facts (DE # 232 at 2), which the court will treat as undisputed for purposes of ruling on this motion because plaintiffs have not filed a response. FED. R. CIV. P. 56(e)(2).

3

all employed as Special Agents with the Federal Bureau of Investigation ("FBI"), assigned to the Indianapolis Field Division, Merrillville Resident Agency. (DE # 232 at 2.) Additionally, defendants Michael Barnes, Adam Clark, and Tyrone Douglas, who were all employed by local law enforcement agencies, were federally deputized officers at the time of the events of this case, assigned to the Federal Bureau of Investigation's Gang Response Investigative Team ("GRIT") Task Force, a federal task force charged with investigating violent and serious crimes. (*Id.*)

The FBI is divided into two types of offices: Field Divisions and Resident Agencies. (*Id.*; DE # 232-1 at 1.) There is a Merrillville, Indiana Resident Agency, which is part of the Indianapolis, Indiana Field Division. (DE # 232 at 2; DE # 232-1 at 1.) There is also a Chicago, Illinois South Resident Agency, which is part of the Chicago, Illinois Field Division. (DE # 232 at 2; DE # 232-1 at 1.) On or about December 27, 2007, FBI Special Agent Lori Warren, a member of the Chicago, Illinois South Resident Agency, contacted Special Agent Ted May, a member of the Merrillville Resident Agency, about the investigation of a shooting and armed robbery that occurred on December 24, 2007 at the JCPenney store in Calumet City, Illinois. (DE # 232 at 2-3; DE # 232-1 at 1.) Agents from the South Resident Agency in Chicago were seeking assistance from the Merrillville Resident Agency in executing a search warrant in Hammond, Indiana. (DE # 232 at 3; DE # 232-1 at 2.)

On December 27, 2007, agents for the FBI's Chicago Field Office obtained an arrest warrant for plaintiff Roy Goodman, Jr.. (DE # 232 at 3; DE # 232-2 at 1.) The

4

investigation into Mr. Goodman, Jr. revealed that he resided at 5623 Maywood Avenue in Hammond, Indiana ("plaintiffs' residence"). (DE # 232 at 3; DE # 232-1 at 2.) Because Hammond, Indiana is in the Northern District of Indiana, agents for the Merrillville Resident Agency were responsible for obtaining a search warrant to search Mr. Goodman Jr.'s residence. (DE # 232 at 3; DE # 232-2 at 1.) Therefore, defendant Adam Clark presented Magistrate Judge Rodovich with a probable cause affidavit (DE # 232-3) summarizing the investigation into the robbery and shooting, and Magistrate Judge Rodovich issued a search warrant for plaintiffs' residence. (DE # 232-4.)

After the search warrant was obtained, Agent Ted May (one of the Indiana Federal Defendants) organized a group of agents and task force officers to assist in perimeter security and execution of the search warrant at plaintiffs' residence. (DE # 232 at 3; DE # 232-1 at 2-3.) The FBI agents from the Merrillville Resident Agency that assisted with perimeter security and execution of the search warrant were Mark Becker, Daniel Glavach, Robert Hall, Robert Ramsey, Laura Walker, and Ted May. (DE # 232 at 3; DE # 232-1 at 3.) The FBI Task Force Members that assisted with perimeter security and executing the search warrant were Michael Barnes, Tyrone Douglas and Adam Clark. (DE # 232 at 3; DE # 232-1 at 3.) The role of defendants Becker, Glavach, Hall, Ramsey, Walker, May, Barnes, Douglas, and Clark (as noted earlier, "the Indiana Federal Defendants") was limited to securing the perimeter around plaintiffs' residence and conducting the search of the residence. (DE # 232 at 4; DE # 232-1 at 4.) Additionally, defendant Adam Clark was responsible for obtaining

5

additional police units if needed, and defendant Tyrone Douglas was responsible for taking photographs at the scene. (DE # 232 at 4; DE # 232-1 at 3.)

On December 28, 2007, the search of plaintiffs' residence took place. (DE # 232 at 4; DE # 232-1 at 4.) The Hammond SWAT team made the initial entry into plaintiffs' residence, and the Indiana Federal Defendants secured the perimeter. (DE # 232 at 4; DE # 232-1 at 4.) The "method and mean" for executing the initial entry into plaintiffs' home was left to the discretion of the Hammond SWAT team. (DE # 232 at 4; DE # 232-1 at 3.) None of the Indiana Federal Defendants deployed any flash bang devices or any other diversionary devices at plaintiffs' residence. (DE # 232 at 4.) The plaintiffs were not in their home when the Indiana Federal Defendants performed a search of the home. (*Id.* at 5.)

After the search was completed, the Indiana Federal Defendants left plaintiffs' home. (*Id.*) None of the Indiana Federal Defendants questioned or interviewed any of the plaintiffs. (*Id.*) None of the Indiana Federal Defendants handcuffed or put any physical restraints on any of the plaintiffs. (*Id.* at 6.) None of the Indiana Federal Defendants transported any of the plaintiffs to the police station. (*Id.*) None of the Indiana Federal Defendants touched, struck, pushed, or shoved any of the plaintiffs. (*Id.*) None of the Indiana Federal Defendants witnessed anyone striking, pushing, or shoving any of the plaintiffs. (*Id.* at 7.)

Plaintiffs eventually filed suit against multiple defendants, including the Indiana Federal Defendants. In their fourth amended complaint (DE # 151), they bring the

following claims against the Indiana Federal Defendants as a result of the execution of the search warrant on December 28, 2007: Excessive force in violation of the Fourth Amendment (*id.* at 6) and conspiracy to commit the following acts: falsely arrest plaintiffs; falsely institute criminal charges against plaintiff Roy Goodman, Jr.; agreeing not to report each other for violating plaintiffs' rights, agreeing not to report each other for falsely arresting plaintiffs and falsely instituting criminal charges against plaintiffs; and generating false documents to cover up their own and their fellow law enforcement officers' misconduct (*id.* at 5, 8). The Indiana Federal Defendants have now moved for summary judgment on all of plaintiffs' claims. (DE # 231.)

II.     **Legal Standard**

Defendants have moved for summary judgment. FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998); *Doe,* 42 F.3d at 443.

Because plaintiffs failed to file a response to defendants' motion for summary judgment, defendants are entitled to summary ruling on the motion – that is, a ruling without the benefit of plaintiffs' response. Plaintiffs' failure to respond, however, does not automatically result in summary judgment for defendants. *Wienco, Inc. v. Katahn Assoc., Inc.,* 965 F.2d 565, 568 (7th Cir. 1992). Rather, the court must still "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Id.* Accordingly, the court's task is to examine the factual record in this

8

case to determine whether defendants have met their burden of demonstrating a lack of genuine issues of material fact warranting summary judgment in its favor.

III.   Analysis

The Indiana Federal Defendants first argue that plaintiffs' conspiracy claim is limited to allegations of a conspiracy regarding excessive force. (DE # 232 at 8.) As the Indiana Federal Defendants correctly point out, the court, in an order addressing a motion to dismiss by the Indiana Federal Defendants and several other federal defendants, limited plaintiffs' conspiracy claims against the Indiana Federal Defendants to a conspiracy related to the use of excessive force. (DE # 150 at 16-18, 29.) Additionally, as the Indiana Federal Defendants also correctly point out, the court limited plaintiffs' excessive force claim against the Indiana Federal Defendants to the use of flash bang grenades after concluding that these defendants had qualified immunity for their use of other means of force. (*Id.* at 24-29.)

"Under the law of the case doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation." *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *see also Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 685 (7th Cir. 2014) ("According to the law of the case doctrine, a ruling made in an earlier phase of a litigation controls the later phases unless a good reason is shown to depart from it." (citations and quotations omitted)). Plaintiffs have not responded to the Indiana Federal Defendants' motion, and therefore, have not given the court any reason to depart from its previous ruling. Plaintiffs' conspiracy claim against the Indiana Federal defendants

9

is accordingly limited to a conspiracy related to the use of excessive force, and plaintiffs' excessive force claim against the Indiana Federal Defendants is limited to the use of flash bang grenades.

A. **Excessive Force**

The Indiana Federal Defendants argue that they are entitled to summary judgment on plaintiffs' excessive force claim because they did not have any physical contact with any of the plaintiffs and did not observe any misconduct by any other law enforcement officer. (DE # 232 at 10.) Plaintiffs' claims against the Indiana Federal Defendants arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), "which allows a victim of a constitutional violation to sue a responsible federal officer or employee for damages." *Vance v. Rumsfeld,* 701 F.3d 193, 2011 (7th Cir. 2012) (Hamilton, J. dissenting). In order for a defendant to be liable under *Bivens*, "there must be individual participation and involvement by the defendant." *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011); *see also Lojuk v. Quandt,* 706 F.2d 1456, 1468 (7th Cir. 1983) ("[T]o recover damages [under *Bivens*,] plaintiff must establish defendant's personal responsibility for the claimed deprivation.").

The Indiana Federal Defendants have submitted evidence supporting their position that they had no role in the alleged actions that form the basis of plaintiffs' excessive force claim. (DE # 232 at 2-7.) The Indiana Federal Defendants have therefore met their initial burden on summary judgment. *Carmichael,* 605 F.3d at 460. Because plaintiffs have failed to respond to the Indiana Federal Defendants' motion for

summary judgment, they have failed to present any evidence that would create a genuine issue of material fact on their excessive force claim, and the Indiana Federal Defendants' motion for summary judgment will be granted as it relates to that claim.

**B.     Conspiracy**

The Indiana Federal Defendants also argue that they are entitled to summary judgment on plaintiffs' *Bivens* conspiracy claim because none of the Indiana Federal Defendants were "personally involved in or directly responsible for the events alleged by the Plaintiffs." (DE # 232 at 10-11.) In order to survive a motion for summary judgment on a conspiracy claim, a plaintiff must produce "evidence showing: '(1) [the existence of] an express or implied agreement among defendants to deprive plaintiff of his . . . constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement.'" *Garcia v. City of Chicago*, No. 09 C 5598, 2012 WL 601844, at *3 (N.D. Ill. Feb. 23, 2012) (citing *Scherer v. Balkema,* 840 F.2d 437, 442 (7th Cir. 1988)). A plaintiff must do more than offer "speculation and conjecture." *Sow v. Fortville Police Dep't,* 636 F.3d 293, 304–05 (7th Cir. 2011); *see also Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013) ("[V]ague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden at summary judgment[.]" (citations and quotations omitted)).

By presenting evidence indicating that they had no direct role in the events that make up the basis of plaintiffs' conspiracy claim, the Indiana Federal Defendants have met their initial burden on summary judgment. *Carmichael,* 605 F.3d at 460. Because plaintiffs have not filed a response to the Indiana Federal Defendants' motion for

summary judgment, they have not presented any additional evidence or argument to support their conspiracy claim. Even assuming, however, that plaintiffs' Constitutional rights were violated by defendants, there is no evidence to support the assertion that any of the Indiana Federal Defendants agreed among themselves or with other defendants to deprive plaintiffs of their rights. And while an "agreement may be inferred from circumstantial evidence . . . if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives[,]" *Sow,* 636 F.3d at 305, there is no evidence in this case that would allow a reasonable jury to conclude that the Indiana Federal Defendants entered into an agreement to deprive plaintiffs of their rights. Therefore, the Indiana Federal Defendants are entitled to summary judgment on plaintiffs' conspiracy claim.

IV.   Conclusion

For the foregoing reasons, the Indiana Federal Defendants' motion for summary judgment. (DE # 231) is **GRANTED**. Because no claims remain pending against the Indiana Federal Defendants (Adam Clark, Mark Becker, Robert Hall, Michael Barnes, Tyrone Douglas, Robert Ramsey, Daniel Glavach, Laura Walker, and Ted May), the Clerk is directed to dismiss these defendants from this case.

**SO ORDERED.**

Date: October 29, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT