UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROY GOODMAN JR., <br> ROY GOODMAN III, <br> RENEE GOODMAN, <br> RENIECE GOODMAN, <br><br> Plaintiffs, <br><br> v. <br><br> ADAM CLARK, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 2:09 CV 355 <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the court on the Remaining Hammond Defendants'[1] Motion to Strike filed April 23, 2015. (DE # 339.) Pursuant to Federal Rule of Civil Procedure 56.1(d) and Northern District of Indiana Local Rule 7-1, the Remaining Hammond Defendants request that the court enter an order striking paragraph 5 of the March 11, 2015 Affidavit of Roy Goodman, Jr. (DE # 335-12 ¶ 5), to the extent that it contradicts his prior sworn deposition testimony. The Remaining Hammond Defendants also request that the court strike certain portions of the plaintiffs' response (DE # 335) to their motion for summary judgment (DE # 321) to the extent it relies upon the paragraph at issue.

---

[1] The term "Remaining Hammond Defendants" is intended here to refer jointly to City of Hammond, Christopher Berdine, Ralph Bogie, Robert Bunner, Raymond Finley, Rudy Grasha, Brian Miller, also incorrectly sued as "Officer Edward," John Rataczak, Thomas Strabavy, Patrick Vicari, and Timothy Walczak. (DE # 321 at 1.)

Parties may not thwart the purposes of Rule 56 by creating "sham" affidavits that contradict their prior depositions. *Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168 (7th Cir. 1996). The Remaining Hammond Defendants argue that Roy Goodman, Jr. ("Goodman") created a sham affidavit contradicting his earlier statements regarding the individual officer who allegedly slammed him into a wall during an arrest on December 28, 2007. (*See* DE ## 335, 340.) In his deposition dated February 28, 2014, Goodman testified that the officer who slammed him into a wall was not wearing a mask; however, he could not identify whether the officer worked for the Hammond SWAT team or the FBI. (DE # 340-1 at 4.) Goodman also testified that all of the SWAT members he saw were wearing masks. (*Id.* at 12.)

The court notes that this testimony is confusing and arguably contradicts itself. If Goodman is sure that the Hammond SWAT officers all wore masks and that he saw the slamming officer without a mask, it would seem to indicate that the officer was not from Hammond SWAT. However, Goodman repeatedly testified that he was not sure if the officer was with Hammond SWAT. (DE # 340-1 at 4–5, 11.)

On some later date, Goodman reviewed a photograph (DE # 340-1 at 14–15) depicting a Hammond SWAT officer leading him from his house. (DE # 355-12 ¶ 5.) The officer in the photograph was wearing a mask. (DE # 340-1 at 16.) Goodman then wrote the following in his affidavit:

> I reviewed the photograph where I am being escorted out of my house by a Hammond Officer with "366" imprinted on his hand. I recall that I was walked outside by a Hammond SWAT Officer and an FBI agent. The Hammond SWAT

2

> Officer who slammed me into a wall did not let go of me
> until after I walked outside.

(DE # 355-12 ¶ 5.) The statements in that paragraph, in combination with the photographic evidence, imply that a masked Hammond SWAT officer slammed Goodman against a wall. This contradicts Goodman's deposition testimony stating he could not identify the officer who slammed him into a wall as a Hammond officer, and stating the slamming officer was not wearing a mask.

"[W]here a deposition and affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was mistaken, perhaps because the question was phrased in a confusing manner or because a lapse of memory is in the circumstance a plausible explanation for the discrepancy." *Amadio v. Ford Motor Co.*, 238 F.3d 919 (7th Cir. 2001). The affiant themselves must provide a "plausible explanation for the discrepancy. The explanation, moreover, must come in the affidavit itself, not in a lawyer's musings, which are not evidence." *Beckel v. Wal-Mart Assocs., Inc.*, 301 F.3d 621 (7th Cir. 2002) (internal citations omitted).

In their response to this motion, plaintiffs argue that any supposed inconsistencies can be explained by Goodman's lapse of memory. (DE # 344 at 2–3.) Over six years elapsed between the arrest and his deposition, and over that time, plaintiffs argue, Goodman forgot several details of the arrest. (*Id.*) As the Remaining Hammond Defendants point out, this explanation must be in Goodman's own words, rather than his lawyer's. However, this explanation does appear in Goodman's words, both in his deposition and affidavit.

In the deposition itself, Goodman expressed his inability to remember details of the incident. (DE # 340-1 at 4–6.) He failed to remember the enforcement agency of the officers who lifted him and he failed to remember being given the coat he can be seen wearing in photographs. (DE # 340-1 at 4, 6, 15–16.) Specifically, regarding the officer who slammed him into a wall, Goodman testified "I can't say who that was exactly. I'd like to see him again." (DE # 340-1 at 11–12.)

Consistent with his request to "see him again," Goodman was able to clarify his testimony after seeing images of the arrest. In his affidavit, Goodman writes that he "reviewed the photograph" of the event and then was able to "recall" additional details, including identity of the officer who slammed him to the ground. (*See* DE # 335-12 ¶ 5.) Thus, Goodman's own words in his deposition and affidavit outline a lapse of memory that plausibly explains the discrepancy between his statements. This explanation is especially plausible given the confusing and seemingly self-contradictory nature of plaintiff's original deposition testimony. *See Bank of Ill.*, 75 F.3d at 1171 ("For example, a subsequent affidavit may be allowed to clarify ambiguous or confusing testimony.").

For the foregoing reasons, the Remaining Hammond Defendants' Motion to Strike (DE # 339) is **DENIED**.

**SO ORDERED.**

Date: March 28, 2017

s/James T. Moody                .
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4